JOHNSON *v.* UNION CARBIDE CO.

1. APPEAL AND ERROR — CURING ERRONEOUS ADMISSION OF TESTIMONY.

   Testimony, in a negligence case, having been received to show that the wrench which plaintiff was using when he was hurt was defective, whether improperly admitted or not, did not amount to reversible error where the trial judge afterwards withdrew that subject from the consideration of the jury, leaving for their consideration only the failure to guard belts and pulleys in which plaintiff's arm was injured.

2. SAME — EXCLUSION OF CROSS-EXAMINATION — TRIAL.

   Nor was it erroneous to exclude the proposed cross-examination of plaintiff as to his bringing another action in which he recovered damages for personal injuries, sustained prior to the injuries in question, although it would have been proper to show that plaintiff had given contradictory testimony at the trial, or to show his physical condition; no such purpose being suggested or disclosed for the examination.

Error to Chippewa; Fead, J. Submitted April 30, 1914. (Docket No. 104.) Decided July 24, 1914.

Case by Joseph T. Johnson against the Union Carbide Company for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Fred L. Vandeveer* (*Warner & Sullivan,* of counsel), for appellant.

*John W. Shine,* for appellee.

OSTRANDER, J. Convinced that plaintiff had not shown himself free from negligence contributing to his injury, the trial court, upon a former trial of this cause, directed a verdict to be returned for defendant and entered judgment accordingly. The judgment was reversed, and a new trial granted. 169 Mich. 651 (135 N. W. 1069). In the opinion then filed, the testi-

mony was carefully reviewed, and the conclusion was reached that whether plaintiff was himself negligent was a question for a jury. Certain other questions were determined, as will appear from the opinion. Plaintiff has recovered a judgment, and I have examined the brief for appellant to learn whether it is claimed that the testimony for the plaintiff, given upon the last trial, differs materially from that which was reviewed by us, and find no such claim made, and counsel for plaintiff asserts there is no material difference. I assume, therefore, that the plaintiff made a case for the consideration of the jury. A motion for a new trial, one of the grounds being that the verdict was excessive, was denied. The error assigned upon this ruling is not discussed by appellant.

The first three assignments of error are based upon exceptions to rulings upon the admission of testimony relating to the wrench used by the plaintiff when he was injured. That defendant provided plaintiff with a defective wrench was alleged in the declaration as negligence. This, as a ground for recovery, was eliminated by the court in his charge to the jury. It is said the error in admitting the testimony was not thereby cured. If it was error to admit it, which is doubted, all the testimony in that connection being considered, the error was cured when the subject was withdrawn from the jury.

Plaintiff had suffered an injury while employed by defendant and, after suffering the one which is the basis of the present action, sued defendant to recover damages for both injuries. Upon the trial of that cause, after putting in his testimony, he withdrew his claim for damages for the injuries now relied upon. He recovered a judgment which was paid. He then began this suit. Upon the trial of the pending issue, in cross-examination, plaintiff was aked:

"*Q.* And when you did bring suit against them for

the loss of your arm, you also brought suit against them for your other injury, didn't you?"

The question was objected to, the objection sustained, and an exception noted.

"*Q.* You didn't begin any action for your first injury, or, rather, your second injury, until after you were hurt the third time, did you?

"*A.* No, sir.

"*Q.* And you have recovered and been paid—"

Question objected to.

"*The Court:* You might show that he was paid for his former injury without showing the amount.

"*Q.* My question is that you have recovered a judgment and been paid for the explosion injury?

"*A.* Yes, sir."

The record shows no more than this. It is obvious that there may have been proper purposes for showing that plaintiff had sustained a previous injury for which he had recovered. As affecting his physical integrity at the time of the second injury, the details of the first one might have been proved. So if upon the trial of the first case plaintiff had testified to the particulars of the later injury, and upon the pending trial was giving other and contradictory testimony in relation to it, the fact might have been shown. But no such or similar purposes are disclosed by the record. No error was committed in the rulings.

Defendant preferred certain requests for instructions to the jury and complains because they were not given. Those bearing upon any issue of fact were given in part, and, taking the charge as a whole, it states the applicable law. Those requests which in effect direct a verdict for the defendant were properly refused.

No reversible error is made to appear, and the judgment is affirmed.

McALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, and MOORE, JJ., concurred. STEERE, J., did not sit.