## Gagush *v.* Hoeft.

1. Trial — Conduct of Counsel — Instructions — Saving Questions for Review.

   A remark by counsel for plaintiff that he would stipulate that witness for defendant, who was with difficulty giving testimony through an interpreter, would say what counsel for defendant wanted her to say, where, upon objection, the trial judge instructed the jury to pay no attention to the remark, in view of uncertainty in the appellate court as to the intended and accepted meaning of the remark, and the manner in which it was treated by the trial judge, *held*, not reversible error.

2. Appeal and Error—Argument of Counsel—Instructions—Trial.

   In an action for breach of marriage promise, where counsel for plaintiff, in his argument as to the measure of damages, said "She is entitled to the same share in his property"—when he was interrupted and the judge stated that he would attempt to define the measure of damages when he got to it, and no complaint is made of the charge of the court thereafter given, there was no reversible error, although counsel finished his remarks as to his understanding of the measure of damages, stating that if he was wrong he would stand corrected.

3. Trial—Argument of Counsel—Opinion Based on Testimony.

   In an action for breach of marriage promise, where plaintiff's damages were aggravated by her seduction, her counsel did not exceed the limits of proper argument in stating to the jury that he was impressed, and that he thought the jury ought to be, that upon the record plaintiff was shown to be a virtuous woman, where his expressed opinion was based upon testimony.

4. Same.

   It was error for the court to refuse to counsel the right to comment in his argument upon certain alleged contradictions in the testimony given upon the former and upon this trial without producing a transcript of the testimony

given upon the last trial or having the reporter read what was desired from his notes.

5. APPEAL AND ERROR—ARGUMENT OF COUNSEL—LIMITING ARGUMENT.

Error in limiting the argument of counsel, where prejudice did not result, *held*, not reversible.

ON REHEARING.

1. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error to the charge of the court without pointing out any specific erroneous statement therein, *held*, not sufficiently specific.

2. TRIAL—ARGUMENT OF COUNSEL—BASED ON TESTIMONY.

The argument to the jury should be based on the testimony submitted at the trial.

3. SAME—RIGHT TO COMMENT ON CONTRADICTORY TESTIMONY GIVEN AT FORMER TRIAL.

Counsel had the right during the new trial to interrogate witnesses as to the testimony given by them on the former trial, either from a transcript of such testimony, or from notes taken by him, or from his personal recollection of what they then testified to, and if the witnesses admitted the giving of such testimony and it is contradictory, counsel may comment on it in his argument to the jury without producing a transcript, or he may submit to the jury his recollection of the questions asked and answers given, and he should not be prevented from doing so, unless on objection, the trial judge is convinced that counsel is mistaken in his statement of such testimony.

4. APPEAL AND ERROR—COMMENT ON CONTRADICTORY STATEMENTS NOT IN RECORD.

Counsel cannot complain of not having been permitted to comment on contradictory statements of witness on the former trial, where he neglected to call her attention to them when she was on the stand.

5. SAME—ERRORS APPEARING IN RECORD.

The Supreme Court can only consider the errors which appear on the printed record.

6. SAME—CONDUCT OF COURT—PREJUDICE.
   Alleged error in the use of the word "rebuke" by the trial
   judge when commenting on the contradictory nature of
   the testimony, where not alluded to in the brief, *held*, not
   prejudicial in view of the fact that the verdict was less
   than on the former trial.

Error to Wayne; Webster (Clyde I.), J. Submitted
February 5, 1919. (Docket No. 18.) Decided April
3, 1919. Resubmitted October 7, 1919. Former opin-
ion affirmed December 22, 1919.

Case by Anna Gagush against William Hoeft for
breach of promise of marriage accompanied by seduc-
tion. Judgment for plaintiff. Defendant brings er-
ror. Affirmed.

*Peter P. Boyle* (*McHugh & Lee,* of counsel), for
appellant.

*Harold McIntyre,* for appellee.

OSTRANDER, J. A judgment for $2,000 for plaintiff
was reversed and a new trial ordered. *Gagush* v.
*Hoeft,* 198 Mich. 263. The testimony, which it was
held required the giving of a certain refused instruc-
tion, does not appear at all in the record now before us,
about which appellant does not complain, did not seek
to develop on cross-examination or otherwise, and
about which counsel for appellee says in the brief:

"While the general facts and theories as reported
and developed in the former trial of the circuit court
were again reiterated, certain material evidence which
was introduced at the trial of the cause the first time
were entirely omitted, changed, amended on this last
trial."

The case for the plaintiff is, however, so developed
in the statement of facts in the 198th Michigan that
it is not necessary to repeat that statement here.

Upon the second trial, plaintiff had judgment for

$1,850. Appellant's assignments of error, argued in his brief, are based upon exceptions to rulings made during the course of the trial and upon exceptions to alleged prejudicial remarks of counsel for appellee. These various exceptions brought to the attention of the court upon a motion for a new trial were overruled, and of 37 assigned errors only the 9th, 26th to 30th inclusive, and the 37th are referred to in the brief. These assignments will be referred to in their order.

A witness was giving testimony, an interpreter being employed. Difficulty appears to have been experienced in eliciting whatever the woman knew. It is not apparent that this difficulty arose from the fault of any one. A question was propounded. The court said:

"Now, interpreter, have her understand that, what Mr. McHugh (counsel for defendant) wants is to have her tell what Mrs. Gagush said as to what took place in the cemetery, see if you can have her understand that.

"*A.* First, she did not tell until afterwards.

"*Q.* Then what did she tell you afterwards?

"*Mr. McIntyre* (attorney for plaintiff) : I will stipulate, your honor, on this record that this witness will say what he wants her to say."

Counsel for defendant objected to this as a grossly prejudicial remark and recorded an exception, and the court said:

"The exception may be noted. The jury should not pay any attention to that. We are all having trouble getting these questions and answers, and it is not the fault of anybody."

We are not at all certain that the counsel who made the remark complained about intended the meaning to be given to it which counsel for appellant gives it, which is a meaning that the words, standing alone, import. Our uncertainty as to the intended and ac-

cepted meaning of the remark arises partly from the manner in which the objection was treated by the trial court. If the attorney who made the remark intended that the jury should understand him to assert that the witness would, without regard to truth, give such testimony as the defendant wished her to give, he deserved a reprimand from the court which would sharply correct his conduct. Whatever his intended meaning, the remark should not have been made. It does not follow that defendant was prejudiced by it. Jurors do not generally overlook the lack of due decorum. on the part of counsel in the trial of causes, and are quite likely to resent improper and impertinent remarks and comments. The testimony of this witness, as well as her manner of giving it, was for their consideration. We cannot say that reversible error was committed.

In his argument to the jury, addressed to the question of damages, the attorney for appellee said, "She is entitled to the same share in his property——," when he was interrupted by the objection that the measure of damages is not determined "by any share in his property." The court said, "I will attempt to define the measure of damages to the jury when I get to it." The attorney for appellee at once disclaimed the right or desire to usurp the functions of the court, but continued, by saying:

"I am simply telling you, if I be wrong in my statement of what the measure of damages in this case is, then I will stand corrected, but my understanding is, gentlemen, if this woman promised to marry a man that was worth $5,000, and as his wife she would become entitled to an interest in that $5,000, if he were to die the next day after the marriage ceremony were performed, she would be entitled to dower rights in his property."

No complaint is made of the charge of the court thereafter given. A party is more often harmed than

aided when his counsel asserts a legal proposition which the court denies.

Continuing his argument, counsel for appellee became eloquent and was several times interrupted and exceptions were taken to his remarks. Without setting out the argument, we express the opinion that the limits of proper argument were not exceeded. Counsel did express the opinion that his client was a virtuous woman. Her reputation for chastity was involved by the testimony. His expressed opinion seems to have been based upon the testimony. Summed up, his expressions in his argument amounted to no more than this: "I am impressed, and I think the jury ought to be, that upon this record she is shown to be a virtuous woman."

It was error for the court to refuse to counsel for the appellant the right to comment in his argument upon certain alleged contradictions in the testimony given upon the former and upon this trial. Using the testimony given on the former trial, counsel had properly interrogated the witnesses for appellee upon cross-examination, and had secured certain admissions with respect thereto. In argument, he sought to return to the matter and to call the attention of the jury to the alleged discrepancies and contradictions of testimony. For this purpose he used, as he had used in interrogating the witness, the record of the testimony given on the first trial. This he was refused permission to do. No one claimed, or now claims, that he made improper use of the testimony or sought to call attention to matter not used in cross-examining the witnesses. What he sought to do was, in substance and effect, this: To say to the jury that the witness admitted having testified on the former trial as follows—reading from the minutes of the testimony given on the former trial matter to which the attention of the witness had been directed—and upon this trial she testi-

fied differently. In short, he was directing attention to testimony given at the instant trial. But the court was of opinion that he should either have produced a transcript of the testimony given upon the last trial or have had the reporter read whatever was desired from his notes. The practice pursued by counsel is not an uncommon one, and not improper, it being always the duty of the trial court to see that an unfair argument is not indulged in. Whether for this error, this limiting of the privilege of argument, the judgment should be reversed depends upon whether we can say that prejudice did not result. To this end we have examined the testimony, and especially the alleged contradictory statements of witnesses about which counsel sought to address the jury, reaching the conclusion that it is wholly improbable that the limitation of the argument affected in any way the result— the conclusion of the jury. Wholly outside of the alleged contradictory statements of the witness, there remains the main, the vital and material facts upon which plaintiff's case depended. They were, that the parties mutually promised to marry each other, at a time to be fixed and which was fixed, reasonably, by defendant, that the defendant refused to marry plaintiff, that her damages were aggravated by her seduction by defendant under promise of marriage.

We do not find reversible error, and therefore affirm the judgment, with costs to appellee. .

BIRD, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.

## ON REHEARING.

SHARPE, J. 1. In considering appellant's claim that the jury were prejudiced by the remarks of plaintiff's counsel as to the damages to which she would be entitled, Mr. Justice OSTRANDER, who wrote the opinion. said:

"No complaint is made of the charge of the court thereafter given. A party is more often harmed than aided when his counsel asserts a legal proposition which the court denies."

It is claimed that he overlooked the fact that error was alleged on the charge as given relative to the measure of damages. While it is true that error was so alleged, counsel then failed, and now fail, to point out any specific erroneous statement therein. As we read it, we think it fairly stated the matters which the jury should consider in assessing plaintiff's damages. *Bennett* v. *Beam*, 42 Mich. 346.

2. In the opinion filed it was said:

"It was error for the court to refuse to counsel for the appellant the right to comment in his argument upon certain alleged contradictions in the testimony given upon the former and upon this trial."

The conclusion was reached after examining the testimony, and especially the alleged contradictory statements of witnesses, that—

"It is wholly improbable that the limitation of the argument affected in any way the result."

The argument to the jury should be based on the testimony submitted at the trial. Counsel had the right during such trial to interrogate witnesses as to the testimony given by them on the former trial, either from a transcript of such testimony, or from notes taken by him, or from his personal recollection of what they then testified to. If the witnesses admitted the giving of such testimony and it is contradictory, counsel may comment on it in his argument to the jury. He need not produce a transcript of the testimony taken while the trial is in progress to entitle him to do so. He may submit to the jury his recollection of the questions asked and answers given, and he should not be prevented from doing so, unless, on

objection, the trial judge is convinced that counsel is mistaken in his statement of such testimony.

The alleged erroneous ruling occurred during the argument of defendant's counsel to the jury. We quote from the record:

"*Mr. McHugh:* Now in the first trial the same witness was questioned upon that subject and this is what she said: 'Q. I went there'—that is on direct examination now by her own counsel, she was not being cross-examined, she was not annoyed or heckled by opposing counsel, but was being questioned in a nice, kind way by her own mother's attorney and this is what she says, page 85:

"*The Court:* Is that in the record in this case?

"*Mr. McHugh:* Yes, your honor, it was called to the witness' attention and read to her."

On objection, and after some discussion, counsel assured the court that "these identical questions were asked of the witness when she was on the witness stand." Whereupon the court ruled that he might proceed.

We have examined the printed record with care and cannot find that any such question as counsel was seeking to read to the jury appears therein.

Later in counsel's argument, the record shows:

"*Mr. McHugh:* First we find that Mrs. Gagush testified that she put the children to bed on the 13th of July; you will remember she claimed that Mr. Hoeft came to her home and that she left him and went in and put the children to bed, and upon that subject she was questioned along these lines: 'Q. When did they go to bed? A. Half-past nine.' "

Upon objection being made, defendant's counsel said: "I submit, your honor, it was called to the witness's attention." The court expressed a clear recollection that no such question was put to the witness on the trial and ruled that counsel could not read from the transcript of the former trial.

A careful examination of the record shows that the court was right and counsel mistaken. Unless much care be exercised in marking the passages in the transcript of the testimony given on a former trial, counsel may mark parts thereof which he intends to ask the witness concerning but fails to do so. This, apparently, is what occurred. But he cannot now complain of not having been permitted to comment on contradictory statements which do not appear in the present record.

In defendant's brief now filed, several pages consist of parallel columns claimed to be statements made by plaintiff and several other witnesses on the present trial contradictory to those given on the former trial. For the purpose of the comparison, the record of the former trial and in one case the stenographer's minutes are quoted from. We can only consider the errors which appear on the printed record before us. From it we reach the conclusion that no prejudicial error was committed by the trial court in the rulings complained of.

3. Defendant's counsel insist that this court overlooked his claim of error in the trial judge using the word "rebuke" when commenting on the contradictory nature of the testimony and that the jury were influenced thereby in their allowance of damages to plaintiff. It is, perhaps, sufficient to say that this alleged error was not in any way alluded to in the brief filed by defendant, but, in view of the fact that the verdict at the last trial was less than that rendered at the former trial, it seems apparent that no prejudice was created thereby.

The judgment must stand affirmed, with costs to plaintiff.

BIRD, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.