PEOPLE *v.* BURCZYK.

1. CRIMINAL LAW—JOINT CHARGE—SEPARATE TRIAL—DISCRETION OF
   COURT.
   Whether or not defendants charged jointly under an information
   with conspiracy to obstruct justice are to be tried jointly or
   separately is a matter for the discretion of the court (3 Comp.
   Laws 1929, § 17298).

2. SAME—SEPARATE TRIAL—DISCRETION OF COURT—SUBSEQUENT
   TRIAL.
   Where one defendant, charged with conspiracy to obstruct jus-
   tice, becomes ill during the course of joint trial of himself and
   others and is then granted a separate trial, it is within the dis-
   cretion of the trial court as to whether he may be subsequently
   ordered to stand trial with a codefendant who had theretofore
   remained absent from the first trial without the consent of
   the court.

3. SAME—DISCRETION OF COURT—JOINT TRIAL WITH FUGITIVE FROM
   JUSTICE.
   It was not an abuse of discretion on the part of the trial court
   to deny a separate trial to appellant merely because his co-
   defendant on charge of conspiracy to obstruct justice had been
   a fugitive from justice and dishonorably discharged from navy
   where record fails to indicate how generally it was known that
   the codefendant had been a fugitive or that his past history
   was brought to the jury's attention or that the joint trial
   resulted unfairly to appellant (3 Comp. Laws 1929, § 17298).

Appeal from Wayne; Pugsley (Earl C.), J., pre-
siding. Submitted January 13, 1944. (Docket No.
91, Calendar No. 42,281.) Decided February 24,
1944.

Frank J. Burczyk was convicted of conspiracy to
obstruct justice. Affirmed.

*Charles L. Bartlett,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for the people.

REID, J. The record in this case is extremely scant. None of the testimony is set out. Defendant relies for reversal on the claimed error of the trial judge in denying motion of defendant's attorney for a separate trial from codefendant Wendell Lochbiler. Defendant appeals from his conviction for conspiracy to obstruct justice. The State's claim is that between January 2, 1935, and August 1, 1940, defendant committed such offense and further, that defendant was a deputy inspector of police of the city of Detroit in command of a designated district in which he had full charge of the enforcement of all laws and that it was his duty as inspector to enforce laws against gambling. Defendant was put on trial in April, 1942, with 66 other defendants. The trial proceeded until April 22, 1942, on which day Dr. Jaekel appeared and testified that his patient, the defendant, was taken ill and that it was indefinite when defendant could be in court; that defendant had bleeding ulcers of the stomach and that it would be at least a week or more before the bleeding could be controlled and stopped and that the routine way of treating this malady is, "to keep them in bed for a month. That is routine for all bleeding ulcers," whereupon Mr. Newman, attorney for defendant, said to the presiding judge, "Well, in order to clarify the record on the showing made this morning, and the testimony of the doctor, and in order not to tie up this jury, as Mr. O'Hara suggested, I move that the court grant the defendant Burczyk a separate trial, and dismiss him from this

proceeding at this time. The court: The motion will be granted." Whereupon the trial of the other defendants proceeded without the appellant. After the trial of the other defendants had been concluded there remained this defendant, the appellant, and another former police officer, Wendell Lochbiler, who defendant says was a fugitive from justice, who had joined the United States navy, and after having been dishonorably discharged was brought back for trial near the conclusion of the trial of the 66 other defendants. Defendant claims that a fair trial was not given him because of the prejudice existing against the codefendant who had been a fugitive from justice.

There is nothing in this scant record to indicate how generally it was known that Lochbiler had been a fugitive or that this or any other matter concerning his past history was brought to the attention of the jury. Before the trial of defendants Burczyk and Lochbiler, which was set for July 1, 1942, defendant Burczyk objected to his trial proceeding jointly with defendant Lochbiler but made no showing in support of this claim that such joint trial would operate unfairly as to appellant. The trial judge thereupon made the following order:

"It appearing to this court that defendants, Frank J. Burczyk and Wendell Lochbiler, were both charged in the information filed in this cause together with other defendants and that they were both arraigned upon the information before this court, and

"It further appearing that at the time of the trial of the other defendants before this court and this judge the said Wendell Lochbiler did not appear together with the other defendants for trial but remained absent from such trial during the entire progress thereof without the consent of this court,

"It further appearing that the defendant, Frank J. Burczyk, filed a motion for separate trial which was heard and denied prior to the commencement of the trial and that he then sat as a defendant for several weeks, until, to wit, April 22, 1942, when he was taken ill and removed to the hospital, and testimony was offered on his behalf that it would be at least a week and possibly a month before he could be present at the further proceedings in the trial, and

"It further appearing that thereupon his counsel moved for a separate trial which was granted in order to enable the trial to proceed as to the other 66 defendants and not unduly delay the trial inasmuch as the jury was in the custody of officers and locked up, and that this is the only reason that he was granted such separate trial, which was in fact only a mistrial as to him, and

"It further appearing to this court that a joint trial will expedite the proceedings and result in no injury to either defendant,

"It is therefore ordered that the defendants, Frank J. Burczyk and Wendell Lochbiler shall be tried jointly in this cause at this time."

The determination of the question whether the trial should be joint or separate was conceded to be a discretionary matter by Mr. Newman and is such whether conceded or not. 3 Comp. Laws 1929, § 17298 (Stat. Ann. § 28.1028). There is no showing that the discretion was abused or that the joint trial resulted unfairly to the defendant.

Appellant's conviction and sentence are affirmed.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.