PEOPLE *v.* GRAVES

1. WITNESSES — EVIDENCE — IMPEACHMENT — PRIOR INCONSISTENT STATEMENTS.

    A witness can be impeached by the use of prior statements made by him that are inconsistent with his present testimony, and if he does not admit making the prior inconsistent statements, he can be impeached by independent evidence.

2. SAME — EVIDENCE — IMPEACHMENT — PRIOR INCONSISTENT STATEMENTS.

    A person seeking to impeach a witness on the basis of previous inconsistent testimony must ask the witness if he remembers testifying on the previous occasion and answering certain questions in a certain way, whereupon the alleged questions and answers are to be read to the witness; but it is not necessary to introduce in evidence at the present trial a record of testimony from a previous case in the face of a stipulation from the witness's counsel that the record of the previous case is accurate.

3. APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW.

    Defendant's claims that the warrant for his arrest was not made on the basis of personal knowledge and that the prosecution failed to indorse a *res gestae* witness not raised at trial cannot be considered on appeal for the first time.

Appeal from Oakland, Adams (Clark J.), J. Submitted Division 2 May 9, 1968, at Lansing. (Docket No. 4,323.) Decided December 24, 1968. Leave to appeal denied May 21, 1969. See 382 Mich 754.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Witnesses §§ 767, 775 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 726.

William Franklin Graves was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*John W. Appleford,* for defendant.

MOODY, J. William Franklin Graves was convicted by a jury of armed robbery.* He appeals.

The record reveals that an eyewitness, both at the preliminary examination and at the trial of this cause, identified the defendant as one of the persons who robbed him. However, the trial testimony of this witness contained a number of inconsistencies with the testimony he offered at the preliminary hearing.

During the course of the trial the defendant's counsel, following the guidance of the trial judge, properly used the examination transcript and confronted the eyewitness with a number of inconsistent statements. Counsel first asked the question. If he determined the answer inconsistent with the prior testimony, he then read the question and answer transcribed at the examination and asked the witness whether he could confirm, deny or recall the prior statements made. On most occasions the eyewitness did not recall answers previously given.

Later the defendant's lawyer called as an impeachment witness the court reporter who transcribed the testimony at the preliminary hearing. The examination transcript, from which the defense lawyer ques-

---

* CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).

tioned the eyewitness, was offered in evidence.
Thereupon, the prosecutor stipulated that such rec-
ord was a complete and accurate portrayal of the
proceedings at the preliminary examination.  The
court did not accept the transcript itself as an ex-
hibit and sustained the prosecutor's objection to al-
lowing the reporter to read verbatim from his origi-
nal punched notes of the preliminary examination.

The defendant first claims that reversible error
was committed by the trial court for not permitting
the court reporter as an impeachment witness to
read from his original punched notes certain tes-
timony from the preliminary examination.

It has been well established in Michigan, at least
since *Smith* v. *People* (1852), 2 Mich 415, that un-
less the witness admits the prior inconsistent state-
ments, which the eyewitness did not in this instance,
he can be impeached by independent evidence.

However, in the case at bar, defendant's claim of
reversible error has no merit.  First, the defendant's
counsel did not put questions to his impeaching wit-
ness in proper form.

" 'The language which it is claimed the witness
used must be given, and he asked if he used it.'
[*Rice* v. *Rice* (1895), 104 Mich 371, 379.]

"In the present case the only offer made was to
read from the testimony given by Wirth on the
former hearing.  *  *  *"  *People* v. *Considine*
(1895), 105 Mich 149, 166.

Likewise, this was the attempted improper pro-
cedure used in the instant case.

Second, and most important, the content and
import of the impeachment testimony which the re-
porter could have given was already before the jury.
It was stipulated by the People that the prior tran-
scriptions read by the defense attorney to the eye-

witnesses were an "accurate and complete" record of the preliminary examination.

Viewing the entire record it cannot be said that the court under the circumstances of this case abused its discretion by excluding the reporter's testimony about and transcript of the preliminary hearing. The admission of such testimony would only have had cumulative effect. Since the transcription was stipulated to be accurate and complete, the defendant had every opportunity to assert, and the jury to consider the inconsistencies thus shown. See *People* v. *Kramer* (1927), 240 Mich 98.

The other two issues noted by the defendant were not properly raised. The defendant did not timely question whether the complaint and warrant were made on the basis of personal knowledge. *People* v. *Roney* (1967), 7 Mich App 678. In addition, the defendant at no time of record made inquiry, initiated any effort or proposed a motion to add as a *res gestae* witness an alleged accomplice whose case previously was dismissed. Such was not timely raised and no prejudice was shown. *People* v. *Knoll* (1932), 258 Mich 89; *People* v. *Raider* (1931), 256 Mich 131.

The decision of the trial court is affirmed.

LESINSKI, C. J., and QUINN, J., concurred.