PEOPLE *v.* HUNT

1. CRIMINAL LAW—CROSS-EXAMINATION—LEADING QUESTIONS—DISCRETION.

   The trial court has discretion to allow leading questions on cross-examination in a criminal case (MCLA § 768.24).

2. EVIDENCE—WITNESS'S PREVIOUS TESTIMONY—ADMISSIBILITY—DISCRETION.

   The previous testimony of a witness is admissible for the purpose of impeaching his credibility, but the extent and amount of such testimony admitted is discretionary with the trial judge.

3. TRIAL—READING OF TRANSCRIPT—UNDUE DELAY—WITNESSES—CREDIBILITY—IMPEACHMENT.

   Refusing to allow the entire transcript of a witness's testimony at a previous trial to be introduced into evidence at the instant trial for the purpose of impeaching the witness's credibility was not an abuse of discretion where stopping the trial to allow time for the reporter to prepare a transcript of the previous trial would unduly prolong the proceedings and the witness had previously been cross-examined with respect to prior inconsistent statements at both the previous trial and at the preliminary examination.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 January 5, 1971, at Detroit. (Docket Nos. 5040, 5041.) Decided January 25, 1971. Leave to appeal denied August 12, 1971, 385 Mich 780.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 666.
[2] 58 Am Jur, Witnesses § 790.
[3] 58 Am Jur, Witnesses § 781.

William Hunt and Gerald Hunt were convicted of murder in the first degree. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*William Ferguson* (by *Edward P. Echlin*), for defendant Gerald Hunt on appeal.

*George W. Schudlich,* for defendant William Hunt on appeal.

Before: R. B. BURNS, P. J., and J. H. GILLIS and DANHOF, JJ.

PER CURIAM. This matter was remanded to the Court of Appeals for a determination as an appeal of right by the Supreme Court. See *People* v. *William Hunt* (1970), 383 Mich 801; *People* v. *Gerald Hunt* (1970), 383 Mich 801. The cases were consolidated on August 6, 1970, by this Court on its own motion.

The defendants were jointly tried by a jury and convicted of first-degree murder. MCLA § 750.316 (Stat Ann 1954 Rev § 28.548). They were subsequently sentenced to life imprisonment. There had been a previous trial in this matter which had been declared a mistrial as the jury had been unable to reach a verdict. At issue in this case are two evidentiary rulings made by the trial judge.

The defendant William Hunt alleges that the trial judge did not allow his attorney to cross-examine one of the trial witnesses because the trial judge

ruled that a specific question was inappropriate as leading. Leading questions are allowed on cross-examination at the discretion of the trial judge. *People* v. *Considine* (1895), 105 Mich 149; *People* v. *Foster* (1968), 12 Mich App 418; and MCLA § 768.24 (Stat Ann 1954 Rev § 28.1047). A review of the allegedly objectionable portion of the transcript reveals no abuse of discretion on the part of the trial judge.

The defendant Gerald Hunt alleges error in that the trial judge did not allow his attorney to read into the record the entire transcript of the testimony of one of the witnesses given at the previous trial for purposes of impeachment. The previous testimony of a witness is properly admissible into evidence for purposes of impeaching his credibility but the amount and extent of the allowance of such testimony is a matter solely within the discretion of the trial judge. *People* v. *Kramer* (1927), 240 Mich 98; *People* v. *Graves* (1968), 15 Mich App 244. The trial judge in this case ruled that he would not allow the entire transcript of the previous trial to be read into evidence because the witness had previously been cross-examined with respect to prior inconsistent statements at both the previous trial and at the preliminary examination. Stopping the trial and having the reporter prepare the transcript in order that it might be read in its entirety would unduly prolong the trial of the matter and was not necessary. We find no abuse of discretion in this ruling.

For the reasons stated above we rule that the convictions of both defendants, William Hunt and Gerald Hunt, are hereby affirmed.

Affirmed.