PEOPLE v. ROWLS

PEOPLE v. DOWELL

PEOPLE v. MARSHALL

1. CRIMINAL LAW—SENTENCES—LIFE—NATURAL LIFE.

A sentence for "life" and a sentence for "natural life" are the same; the word "natural" is neither a restriction nor a limitation upon the word "life", but is mere surplusage.

2. CRIMINAL LAW—TRIALS—JOINT TRIAL—SEPARATE TRIALS—DISCRETION.

Trial judge has full discretion to determine whether criminal defendants are entitled to joint or separate trials; in the absence of a showing that the denial of separate trials prejudiced substantial rights of the defendant, the trial court will not be overturned (MCLA § 768.5).

3. CRIMINAL LAW—TRIALS—JOINT TRIAL—SEPARATE TRIAL—RIGHT TO CROSS-EXAMINE—INTERFERENCE.

Denial of defendants' motions to be tried separately, rather than in a joint trial, was not an abuse of discretion even though cross-examination was interrupted by objections, where the objections were not in bad faith nor frivolous, the objections were not so frequent as to significantly impair the function and purpose of cross-examination, and where the defendants failed to show any substantial prejudice caused by the interruptions to the objections.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 592.
[2, 3] 21 Am Jur 2d, Criminal Law § 127.
  Right of plaintiff suing jointly with others to separate trial or order of severance.  99 ALR2d 670.
[4] 29 Am Jur 2d, Evidence § 623.
  Flight as evidence of guilt.  25 ALR 886.
[5–7] 53 Am Jur, Trial §§ 132, 154.
[8–10] 41 Am Jur 2d, Indictments and Informations §§ 55, 56.
[11] 21 Am Jur 2d, Criminal Law §§ 533, 572.

4. CRIMINAL LAW—EVIDENCE—FLIGHT.

  Flight may not be considered as substantive evidence of guilt.

5. CRIMINAL LAW—ERROR—TIMELY OBJECTION—APPEAL AND ERROR.

  A conviction will not be reversed where the defendant has permitted error which is curable by a cautionary instruction to go to the jury without raising an objection to the error.

6. CRIMINAL LAW—CLOSING ARGUMENT—EVIDENCE OF GUILT—TIMELY OBJECTION.

  Allowing prosecutor's remark, made during closing argument, that there was no better evidence of the defendants' guilt than their attempt to escape was not reversible error where the defendants failed to ask for a corrective instruction or even to object to the remark.

7. CRIMINAL LAW—PRE-TRIAL IDENTIFICATION—APPEAL AND ERROR—EVIDENTIARY HEARING—TIMELY OBJECTION.

  An appellate court will not review a claim that a pre-trial lineup of defendants tainted in-court identifications of the defendants where there is no record of an evidentiary hearing determining the merits of the claim, because no objection was made to either the lineup or the in-court identifications, an attorney was present at the lineup, and all the factual circumstances constituting the claim of illegal confrontation were known to the defendants in advance of trial and where the claim was not raised before or during the trial of the defendants.

8. CRIMINAL LAW—INDICTMENT AND INFORMATION—INDORSEMENT OF WITNESSES—PURPOSE.

  The purpose of requiring the indorsement of *res gestae* witnesses is to allow the defendant to adequately prepare for trial; any claim of error regarding indorsements allowed before or during the trial must be measured by the extent to which the right to adequately prepare for trial was impaired (MCLA § 767.40).

9. CRIMINAL LAW—INDICTMENT AND INFORMATION—INDORSEMENT OF WITNESSES—DISCRETION.

  Allowing the indorsement of additional *res gestae* witnesses during the course of trial was not an abuse of discretion where the names of the added witnesses were not known to the prosecutor before trial and the defendants made no showing that they were in any way hindered in preparing their defense.

10. Criminal Law—Preparation of Defense—Indictment and Information—Indorsement of Witnesses.

Defendants' preparation of their defense was not hindered by allowing the prosecutor to indorse the names of *res gestae* witnesses during trial where the witnesses never testified, the defendants did not move for a continuance, and defense counsel waived the testimony of the witnesses.

11. Appeal and Error—Orders—Sentences.

Appellate court, pursuant to court rules, struck the word "natural" from a sentence of "natural life", because "natural" was surplusage (GCR 1963, 820.1[7]).

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 2 October 12, 1970, at Lansing. (Docket Nos. 7,421, 7,433, 7,677.) Decided November 30, 1970. Leave to appeal denied as to Dowell February 19, 1971, and as to Marshall April 21, 1971. 384 Mich 809, 832.

Oscar Rowls, Jr., Fred Dowell, and Kenneth Rae Marshall were convicted of armed robbery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Bruce T. Leitman,* for defendant Rowls on appeal.

*Douglas Chartrand,* for defendant Dowell on appeal.

*John T. Connelly,* for defendant Marshall on appeal.

Before: Quinn, P. J., and V. J. Brennan and Ziem,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

V. J. BRENNAN, J.   Defendants were convicted up-
on a jury verdict of armed robbery[1] and sentenced
to life imprisonment.   Each defendant appeals as
of right.

On July 10, 1969, three men entered the Irvin
Hirsch Jewelry Store and proceeded to walk up
and down the aisles.   When a salesman, Mr. Mar-
cizewski, asked if he could help them, they didn't
answer.   After more looking they left.   Within 15
minutes they returned and inquired about putting a
watch in lay-away.   As Mr. Marcizewski was writing
up a sales slip, defendant Marshall put a gun to his
forehead, forced him to the back of the store, and hit
him over the head with the gun.   At about the same
time defendant Rowls forced a clerk and a lady cus-
tomer to the back of the store at gunpoint.   The
defendants then proceeded to rob the store and make
their getaway.   Within several hours all three de-
fendants were arrested.

For the purposes of this appeal it is conceded by
the defendants that there was sufficient evidence
before a jury which, if believed, would support their
convictions.   They have wisely chosen to limit their
arguments to alleged errors of law.

Defendants' first assignment of error is that a
sentence of "natural life" for a conviction of armed
robbery is legally impermissible.   On March 25,
1969, the trial judge sentenced each defendant to
prison for his "natural life".   Defendants now con-
tend that there is a substantial difference between
a sentence for "life" and one for "natural life".   The
latter sentence, they claim, would forever prohibit
a review of their files by the parole board, because
the jurisdiction of the board is limited to convicts
"under sentence for life or any term of years
* * * ".   MCLA § 791.234 (Stat Ann 1970 Cum

---

[1] MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).

Supp § 28.2304). This argument is specious. The word "natural" added to the word "life" is mere surplusage. It is not a restriction or limitation upon the word "life" which would make it a legally impermissible sentence. *People* v. *Wright* (1891), 89 Mich 70; *In re Krusiewicz* (1933), 263 Mich 74.

Defendants also contend that reversible error was committed in denying their requests for separate trials. Prior to trial defendant Dowell filed a motion for a separate trial which the court denied. During the trial defendants Rowls and Marshall also made unsuccessful requests for separate trials. The grounds asserted were that the joint trial seriously interfered with the right of cross-examination. The defendants now point to numerous objections by the three defense attorneys and claim that the interruptions caused by the objections impaired the right of cross-examination.

MCLA § 768.5 (Stat Ann 1954 Rev § 28.1028) vests in the trial court full discretion to determine whether criminal defendants are entitled to joint or separate trials when jointly indicted for the same offense. *People* v. *Burczyk* (1944), 308 Mich 194; *People* v. *Cooper* (1950), 326 Mich 514. In the absence of an affirmative showing that a joint trial prejudiced substantial rights of the defendant, the determination of the trial court will not be overturned. *People* v. *Schram* (1966), 378 Mich 145. Applying these rules to the present case, we do not find an abuse of discretion. While defendants cite examples of cross-examination interrupted by objections, they fail completely to show any substantial prejudice arising from the interruptions. It is self evident that interposition of good faith objections cannot be a basis for reversal even though they may take some of the fire out of a vigorous cross-examination. This is unavoidable. The mere fact that the number of

objections multiply at a joint trial because the number of attorneys is increased cannot dictate a different result without eliminating joint trials entirely. It is not contended that the objections in the present case were either frivolous or in bad faith. Further, it does not appear that they were so frequent as to significantly impair the function and purpose of cross-examination. We find no abuse of discretion in the trial court's ruling.

Next, the defendants question the propriety of the prosecutor's argument to the jury. During his closing argument, the prosecutor stated to the jury "What better evidence of guilt is there, * * * than trying to escape". The defendants correctly cite *People* v. *Cismadija* (1911), 167 Mich 210, for the proposition that flight may not be considered as substantive evidence of guilt. Defendants, however, failed to ask for a corrective instruction or even to object to the prosecutor's remarks.

It is well settled in the case of errors which are curable by a cautionary instruction that a conviction will not be reversed where the defendant has allowed the impact of the prosecutor's remarks to go to the jury without objection. *People* v. *Humphreys* (1970), 24 Mich App 411; *People* v. *David Smith* (1969), 16 Mich App 198. Since the error here was not so prejudicial that it could not have been cured by an instruction, *People* v. *Cipriano* (1927), 238 Mich 332, this assignment of error is without merit.

Defendant's fourth assignment of error is that the in-court identifications of Dowell and Marshall were the fruit of an illegal lineup. Defendants Dowell and Marshall were placed in a lineup after their arrest and were identified by the holdup vic-

tims.[2] Defendants now claim that the lineup was so unfair and prejudicial that it tainted the victims' in-court identifications of them. *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149); *Stoval* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199). Unfortunately, we do not have the benefit of an evidentiary hearing determining the merits of this claim since no objection to either the lineup or the in-court identifications was made. The record shows that an attorney was present at the lineup and that all the factual circumstances constituting the claim of illegal confrontation were known to defendants in advance of trial. Despite this, the issue was never raised before or during the trial by either of the two defendants. The reasoning of this Court in *People* v. *Childers* (1969), 20 Mich App 639, 645, is applicable here:

"It should be noted at the outset that the defendants' trial counsel, * * * may well have acquiesced to damage that can be undone only by granting a new trial. Yet, the state's interest in avoiding a new trial in such cases, to say nothing of its interest in an orderly trial without unexpected but avoidable delay, justifies the refusal by both trial and appellate courts to consider certain constitutional claims that are raised in an untimely manner. See, *People* v. *Wilson* (1967), 8 Mich App 651. Among these claims, we think, are those arising under *Wade* and companion cases."

Defendants' tardiness in raising this issue precludes its review. See also *People* v. *McClendon* (1970), 21 Mich App 142.

Finally, defendant Marshall claims that the trial court erred in denying his motion to dismiss in view

---

[2] Defendant Rowls was absent from the lineup because he was hospitalized from wounds received in attempting to escape from police.

of the prosecutor's being allowed to indorse two witnesses late in the course of the trial. It appears from the record that the witnesses first came to the attention of the prosecutor during cross-examination of Dr. Biesman. Dr. Biesman testified that Dr. Plotnik and Pam Shefield had observed the defendants at the scene from the waiting room of his office. The prosecutor then moved to indorse Dr. Plotnik and Pam Shefield as witnesses. The court granted this motion over counsel's objection. The prosecutor then stated that he would not call these witnesses, but would make them available to defense counsel. In response to this offer, all three counsel waived the witnesses' testimony.

The pertinent statute provides that the prosecutor must indorse the names of witnesses on the information which are known to him at the time of filing the information, but

"Names of other witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine." MCLA § 767.40 (Stat Ann 1954 Rev § 28.980).

The ultimate question on review is whether the court abused its discretion, with the burden ordinarily on the party asserting abuse. *People* v. *Keys* (1968), 9 Mich App 482; *People* v. *Blue* (1931), 255 Mich 675; *People* v. *McCrea* (1942), 303 Mich 213. It must be remembered that the purpose of requiring indorsement of *res gestae* witnesses is to allow the defendant to adequately prepare for trial, *People* v. *Lee* (1943), 307 Mich 743, and that any claim of error must be measured by the extent to which this right was impaired. The following factors convince us that the trial court did not abuse its discretion in allowing the tardy indorsements: (1) it is undisputed that the names of the witnesses were not known to

the prosecutor before trial and (2) the defendants have made no showing that they were in any way hindered in preparing their defense. The facts that the witnesses never testified, that the defendants did not move for a continuance, and that all attorneys involved waived the testimony of the witnesses indicate that the defendants' rights to prepare their defense and to be accorded a fair trial were adequately protected, *People* v. *Lee, supra.*

For the foregoing reasons the convictions of Oscar Rowls, Jr., Fred Dowell and Kenneth R. Marshall are affirmed

Under authority of GCR 1963, 820.1(7), the word "natural" is stricken from the record of sentence as surplusage.

Affirmed.

All concurred.