PEOPLE v PATTON

1. CRIMINAL LAW—EVIDENCE—REBUTTAL EVIDENCE—CASE IN CHIEF—
   PROPER ADMISSION.

    A trial judge has no reason to exclude evidence properly intro-
    duced by the prosecution in rebuttal of the testimony of a
    defense witness even though the evidence could have been
    introduced during the people's case in chief, and defense coun-
    sel is not negligent in not objecting thereto.

2. WITNESSES—INCOMPETENTS—MENTAL WEAKNESS—LUCID TESTIMONY
   —WEIGHT—INSTRUCTIONS TO JURY.

    It is the duty of a court to determine whether a witness is
    competent to testify before submitting his testimony to a jury;
    but where a witness who is mentally weak or immature can
    give lucid, connected testimony, the court should admit it,
    leaving the question of the weight of that testimony to the jury
    under proper instructions.

3. CRIMINAL LAW—STATUTES—PRELIMINARY EXAMINATION—WITNESS'S
   TESTIMONY—ABSENCE FROM TRIAL—INCAPACITY.

    A statute provides that testimony taken at a preliminary exami-
    nation may be used by the prosecution whenever a witness
    cannot be produced at trial and the statute is applicable where
    a witness has suffered a nervous breakdown and cannot remem-
    ber at trial the events to which she testified at the prior
    hearing (MCLA 768.26; MSA 28.1049).

4. WITNESSES—IMPEACHMENT—PRIOR INCONSISTENT STATEMENTS.

    A witness's testimony may be impeached by the use of prior
    inconsistent statements.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 250, 269.
   75 Am Jur 2d, Trial §§ 146, 150–152.
[2] 81 Am Jur 2d, Witnesses §§ 80–83, 85.
   Mental condition as affecting competency of witness. 26 ALR 1493,
   s. 148 ALR 1140.
[3] 81 Am Jur 2d, Witnesses § 136.
[4] 81 Am Jur 2d, Witnesses § 596 *et seq.*

Appeal from Bay, John X. Theiler, J. Submitted October 9, 1975, at Grand Rapids. (Docket No. 19687.) Decided December 4, 1975.

Richard L. Patton was convicted of assault with intent to commit great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Eugene C. Penzien,* Prosecuting Attorney, and *George B. Mullison,* Chief Assistant Prosecuting Attorney, for the people.

*Francis Zebot,* Assistant State Appellate Defender, for defendant.

Before: N. J. Kaufman, P. J., and R. B. Burns and Deneweth,* JJ.

Per Curiam. Defendant was convicted of assault with intent to commit great bodily harm less than murder. MCLA 750.84; MSA 28.279. We affirm.

The complaining witness, Danny Boughner, and a Roger Flues got into a fight. The defendant was drawn into the fight on the side of Flues. Both the defendant and Flues had guns. During the course of the fight Boughner was shot in the stomach. After the shot was fired defendant walked to his car and told his girl friend, Joyce Halstead, that he had shot Boughner but that it had been an accident. The defendant and Joyce Halstead were stopped by the police but were allowed to depart when another officer stopped Flues and retrieved the gun that he had thrown away. At the time the officers did not realize that Flues' gun had not been fired.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The defendant has raised five issues on appeal, and four of the issues contain sub-issues.

First, defendant claims that his Fifth Amendment rights were violated by the admission of certain statements into evidence. The record does not substantiate this claim of the defendant. It does not merit discussion.

Defendant next claims that the prosecution was allowed to call a police officer and introduce evidence on rebuttal that should have been introduced during the people's case in chief. Defendant claims that the trial judge should have excluded the testimony *sua sponte.* While the testimony at issue could have been introduced during the people's case in chief, it was properly introduced during rebuttal to contradict the testimony of defense witness Flues. Therefore, the trial judge did not have any reason to interfere with the examination of Officer Cass and the defense attorney was not negligent in not objecting.[1]

Defendant also objects that the trial judge did not examine complainant Boughner before he testified. Defendant objected at trial to Danny Boughner testifying as there was a psychiatric examination of Boughner pending. The trial judge held that there weren't any facts on the record to prevent Boughner from testifying.

In 1894, the Supreme Court in *Mead v Harris,* 101 Mich 585, 588; 60 NW 284 (1894), stated:

"It is undoubtedly the rule that it is the duty of the court to determine whether a witness is competent to testify before such testimony can be submitted to the jury; but it is also settled that *if a witness who is mentally weak or immature can give lucid, connected*

---

[1] Defense attorney on appeal is not the same attorney who represented defendant at trial.

*testimony, the court should admit it, and the question of the weight of such evidence is for the jury, under proper instructions. Washburn v People,* 10 Mich 372; *McGuire v People,* 44 Id 286; *People v White,* 53 Id 538. Being convinced that the court below was satisfied of the competency of the witness to testify, we see no reason why the case should be reversed upon the claim here made." (Emphasis supplied.)

A reading of Boughner's testimony establishes that he understood the questions and made direct answers to them.

The fourth issue raised by the defendant is just the opposite of issue three. Defendant claims he was denied the right of confrontation when the trial judge allowed the testimony given by witness Darlene Moroau at the preliminary examination to be read into evidence at trial. Darlene Moroau had suffered a nervous breakdown since the date of the crime. She took the stand and testified that her testimony at the preliminary examination had been truthful, but that she could not remember any of the circumstances, events or happenings on the day of the crime. MCLA 768.26; MSA 28.1049 provides that testimony taken at a preliminary examination may be used by the prosecution whenever the witness cannot be produced at trial. *People v Eugene Thomas,* 61 Mich App 717; 233 NW2d 158 (1975), held that the statute was applicable when a witness could not remember certain events of prior dates.

Lastly, defendant claims that it was error for the prosecution to use prior inconsistent statements of Roger Flues for impeachment. A witness can be impeached by the use of prior inconsistent statements. *People v Heard,* 58 Mich App 312; 227 NW2d 331 (1975).

Affirmed.