PEOPLE v BEDFORD
PEOPLE v WATSON
PEOPLE v WALK

1. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—ACCOMPLICES
   —STRIKING WITNESS.

   A trial court may properly strike before trial a voluntarily
   indorsed res gestae witness who is also an accomplice from the
   list of witnesses on the information.

2. WITNESSES—CRIMINAL LAW—INDORSED WITNESS—STRIKEN WITNESS
   —FAILURE TO PRODUCE WITNESS.

   Failure of the prosecution to produce a witness whom the prose-
   cution had voluntarily indorsed and who was subsequently
   striken from the list of witnesses upon motion of the prosecutor
   was not reversible error where the defense could not have
   relied upon the prosecution to produce the witness, defense
   counsel knew that the witness had been present at the crime,
   the defense had adequate time to produce the witness, and the
   defense did not request a continuance or claim that they were
   denied adequate time to produce the witness.

3. WITNESSES—CRIMINAL LAW—IMPEACHMENT OF WITNESS—JUDGES—
   DISCRETION—PRELIMINARY EXAMINATION TESTIMONY.

   It is within a trial judge's discretion to determine how much of a
   preliminary examination transcript can be admitted for im-
   peachment purposes, and a trial judge did not abuse this
   discretion by refusing to allow defense counsel to read the
   entire preliminary examination transcript but did allow the
   reading of relevant portions of the transcript so that the jury
   had the inconsistent statements of a witness before them.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur 2d, Indictments and Informations § 60.
[3] 81 Am Jur 2d, Witnesses §§ 603, 610.
[4] 81 Am Jur 2d, Witnesses § 103.
[5] 75 Am Jur 2d, Trial § 135.
[6] 76 Am Jur 2d, Trial § 1257.
[7] 75 Am Jur 2d, Trial § 17 *et seq.*
[8] 81 Am Jur 2d, Witnesses § 69.

4. CRIMINAL LAW—EVIDENCE—CODEFENDANTS—PRIOR STATEMENTS.

Admission into evidence of a prior statement of one codefendant which referred to the other codefendants as "other persons" was harmless, if error at all, where the references to "other persons" was not significant, the evidence against the particular defendant was overwhelming, and the judge, not a jury, was the trier of fact.

5. CRIMINAL LAW—DEFENSES—ALIBI—NOTICE OF ALIBI—EXCLUSION OF WITNESSES—DUE PROCESS—STATUTES.

The statutory mandatory exclusion of an alibi witness who was not listed in a defendant's notice of alibi did not violate the defendant's right to due process of law where the testimony of the excluded witness would have been cumulative, and where the defendant was not deprived of an alibi defense because several other witnesses were listed in the notice and did testify (MCLA 768.21; MSA 28.1044).

6. HOMICIDE—MURDER—SECOND-DEGREE MURDER—FINDINGS OF FACT —COURT RULES.

A trial judge made a sufficiently specific finding of fact upon which to base a verdict of guilty of second-degree murder where the defendant was bench tried along with two codefendants who were tried by jury and found guilty and where the only issue was whether or not the bench-tried defendant participated in a beating which resulted in death, and the judge stated that he found that the defendant participated in the beating with malice aforethought (GCR 1963, 517.1).

7. CRIMINAL LAW—JOINT TRIALS—SEVERANCE—JUDGE'S DISCRETION— APPEAL AND ERROR.

The grant or denial of a severance is within the discretion of the trial judge, and a denial of a motion for separate trials will not be disturbed on appeal in the absence of an affirmative showing that a joint trial prejudiced substantial rights of a defendant (MCLA 768.5; MSA 28.1028).

8. WITNESSES—COMPETENCE OF WITNESSES—COMPETENCY HEARING— JUDGE'S DISCRETION.

Generally, it is within a trial judge's discretion to determine whether or not to hold a competency hearing for a proposed witness.

Appeal from Recorder's Court of Detroit, John L. Kadela, J. Submitted June 6, 1977, at Detroit.

(Docket Nos. 28164, 29636, 29758.) Decided August 25, 1977.

Gary Bedford, Audrey Watson and Haven Walk were convicted of second-degree murder. Each defendant appeals, and the appeals were consolidated for hearing by the Court of Appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training and Appeals, and *Robert Weisberg, Andrea Solak,* and *Anne Wetherholt,* Assistants Prosecuting Attorney, for the people.

*Solomon & Stern,* for defendant Gary Bedford on appeal.

*Robert E. Slameka,* for defendant Audrey Watson on appeal.

*M. Jon Posner,* for defendant Haven Walk on appeal.

Before: J. H. GILLIS, P. J., and BRONSON and R. E. ROBINSON,* JJ.

PER CURIAM. The three defendants were charged with first-degree murder for the beating death of Glenda Williams. The information alleged that the defendants went to Ms. Williams' apartment and beat her for two days until she died. It was also alleged that the decedent's boyfriend, Garry Lewis, was forced to participate in the beating.

Defendant Walk waived a jury trial. After a joint trial, all three defendants were found guilty

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of second-degree murder, MCLA 750.317; MSA 28.549. They appeal as of right.

Of the many issues raised by the defendants, eight merit discussion.

## I.

First, defendants claim it was error for the trial judge to allow an endorsed res gestae witness's name to be stricken because the witness was chargeable as an accomplice.[1]

The prosecutor originally endorsed Carl Stankey as a res gestae witness. There had been testimony at the preliminary examination that Stankey was present with the three defendants when the beating of Glenda Williams began and that he handed one of the defendants a gun which was used to threaten Garry Lewis. At trial, the prosecutor moved to strike Carl Stankey's name from the witness list on the ground that he was a chargeable accomplice to the murder and therefore within an exception to the general rule that the prosecutor must produce all res gestae witnesses. See MCLA 767.40; MSA 28.980.

It is proper for the court to strike before trial a voluntarily endorsed res gestae witness who is an accomplice. *People v Potts,* 55 Mich App 622; 223 NW2d 96 (1974). The reason for requiring production of a voluntarily endorsed witness where there is no motion to strike is that a defendant has a right to rely on the fact that such witness will be present. *People v Mitchell,* 48 Mich App 361, 364; 210 NW2d 509 (1973). But, where the endorsed witness's name is stricken, defendants can no longer rely on production of the witness and thus

---

[1] We note that defendants did preserve this issue by filing a motion for new trial. *See People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973).

cannot complain of the prosecution's failure to produce that witness.

In the instant case, Carl Stankey's name was stricken on December 23, 1975, during the prosecution's case in chief.[2] The defense rested on January 12, 1976.

On the facts of this case, we do not find that the failure of the prosecution to produce Carl Stankey requires reversal. Defendants could not have relied on the prosecution producing this witness, except for the short span of time when he was endorsed. The record shows that defense counsel knew Stankey had been a witness to the incident from the testimony at the preliminary examination. The defense had adequate time to produce the witness before it rested. Here, defendants were not prejudiced; they knew of the witness, had tried unsuccessfully to locate him before trial, had sufficient time to locate the witness after the witness's name had been stricken and, most importantly, did not request a continuance or claim that they were denied adequate time to try to produce the witness. On these facts, striking the voluntarily endorsed witness was not reversible error.

## II.

Defendants' next contention is that the trial judge erred by refusing to allow defense counsel to read into evidence the entire preliminary examination transcript for impeachment purposes. Defendants claim that they were unable otherwise to impeach Garry Lewis, who was illiterate.

This contention is meritless. It is within the discretion of the trial judge how much of a prelim-

---

[2] Stankey was voluntarily endorsed upon the prosecutor's motion on December 12, 1975, during jury selection.

inary examination transcript can be admitted for impeachment purposes. *People v Kramer,* 240 Mich 98; 215 NW2d 62 (1927); *People v Hunt,* 30 Mich App 94; 186 NW2d 34 (1971); *People v Graves,* 15 Mich App 244; 166 NW2d 480 (1968).

In the instant case, after some confusion, defense counsel was allowed to refresh the witness's recollection by reading relevant portions of the preliminary examination transcript to the witness after eliciting an inconsistent statement. The jury thus had the inconsistent statements from the preliminary examination before them. See *People v Graves, supra,* at 245. It was not an abuse of discretion for the trial judge to refuse to allow defense counsel to read the entire transcript into evidence.

## III.

Defendant Walk contends that the admission of a prior statement of defendant Audrey Watson, after the names of all codefendants had been deleted, violated *Bruton v United States,* 391 US 123; 88 S Ct 1620; 20 L Ed 2d 476 (1968), because the statement still clearly referred to codefendant.[3]

We need not decide whether admission of the statement violated *Bruton,* as we find that any possible error was harmless beyond a reasonable doubt. See *Schneble v Florida,* 405 US 427; 92 S Ct 1056; 31 L Ed 2d 340 (1972); *Harrington v California,* 395 US 250; 89 S Ct 1726; 23 L Ed 2d 284 (1969); *People v Wavie Williams,* 19 Mich App 291; 172 NW2d 515 (1969), *rev'd on other grounds,* 385 Mich 392; 189 NW2d 229 (1971).

The references to "other persons" were not sig-

---

[3] Defendant Audrey Watson did not testify. The trial court ruled that her statements were admissible as long as references to her codefendants were deleted.

nificant, other evidence against defendant Walk was overwhelming and the judge, not a jury, was the trier of fact. Given these factors, any possible error was harmless beyond a reasonable doubt.

## IV.

Defendant Walk also argues that the automatic exclusion of testimony by an alibi witness not listed in the notice of alibi, MCLA 768.21; MSA 28.1044, violates due process.

Defense counsel for Walk called five alibi witnesses to testify that defendant Walk was at home during the time he allegedly participated in the murder of Glenda Williams. The name of a sixth alibi witness, defendant's brother, was inadvertently omitted from the notice of alibi.[4]

MCLA 768.21; MSA 28.1044, as amended, makes the exclusion of unlisted alibi witnesses mandatory. See *People v Charles Jackson,* 71 Mich App 395; 249 NW2d 132 (1976).

*People v Charles Jackson, supra,* rejected a due process and equal protection attack on this statute. *Jackson* found the statute to be a reasonable protection against an "eleventh-hour defense" and possible perjury. It thus did not violate due process on its face or as applied to the facts of that case.

We follow *Jackson* and hold that there was no denial of due process here, where the testimony of the excluded witness was cumulative.

Also, defense counsel's inadvertent omission of the alibi witness's name from the notice of alibi did not amount to ineffective assistance of counsel under *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), or a serious mistake requiring reversal

---

[4] Defendants' counsel apparently confused Jimmie E. Walk, the omitted witness, with Jimmie D. Walk, who was listed.

under *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969). The omission resulted only in cumulative alibi testimony from being presented. Defendant Walk was not precluded from presenting an alibi defense. *Cf. People v Bynum,* 64 Mich App 186; 235 NW2d 105 (1975).

## V.

Defendant Walk next contends that the trial judge failed to state specifically the facts upon which he based his verdict of guilty of second-degree murder and that we must therefore remand for more specific findings. GCR 1963, 517.1.[5]

The only factual issue in this case was whether defendant Walk participated in the beating or whether he was at home. The judge found that he participated in the beating with malice aforethought. This is a sufficient finding under GCR 1963, 517.1.

In any event, as stated in *People v Jackson,* 390 Mich 621, 627, n 3; 212 NW2d 918 (1973):

"A judge's failure to find the facts does not require remand where it is manifest that he was aware of the factual issue, that he resolved it and it would not facilitate appellate review to require further explication

---

[5] The trial judge made the following findings of fact:

*"The Court:* All right, Mr. Hubbell, in this case the court makes the following findings of fact:

"That Glenda Williams was unjustifiably and illegally killed, beaten to death on April 3rd, 1975, in the City of Detroit.

"That Haven Walk did participate in such beatings, and the killing of Glenda Williams was done with malice aforethought but without premeditation.

"That such a killing is murder in the second degree.

"And the Court is satisfied that the People have shown beyond a reasonable doubt all the elements constituting the crime of second degree murder.

"Accordingly the court finds the defendant Haven Walk guilty of murder in the second degree."

of the path he followed in reaching the result as, for example, where the only factual issue is identification. *See People v Green,* 32 Mich App 482; 189 NW2d 122 (1971). *See, also, People v George Scott,* 21 Mich App 217–218; 175 NW2d 312 (1970)."

## VI.

Defendants Bedford and Watson argue that the trial court erred in denying their motion for a severance from defendant Walk.

It is within the discretion of the trial judge to grant or deny a severance. MCLA 768.5; MSA 28.1028.

*People v Clark,* 57 Mich App 339, 341; 225 NW2d 758 (1975), stated the applicable standard for appellate review:

"In the absence of an affirmative showing that a joint trial prejudiced substantial rights of the defendant, denial of a motion for separate trials will not be disturbed on appeal. *People v Rowls,* 28 Mich App 190, 194; 184 NW2d 332 (1970), *People v Schram,* 378 Mich 145; 142 NW2d 662 (1966)."

See, also, *People v Smith,* 73 Mich App 463; 252 NW2d 488 (1977).

In the instant case, defendants Bedford and Watson have not shown how they were substantially prejudiced by a joint trial. They mention one objection by Walk's counsel to the introduction of evidence. A single objection, however, does not demonstrate such hostility among counsel as to require a severance. *Cf. People v Rowls,* 28 Mich App 190; 184 NW2d 332 (1970). Similarly, the fact that defendant Walk chose to testify did not necessarily prejudice the other defendants. Walk's testimony, if anything, helped the other defendants.

Thus, the trial court's denial of defendants' motion for a severance was not an abuse of discretion.

## VII.

Defendant Bedford argues that the trial court erred by allowing Garry Lewis and another prosecution witness to testify without holding a competency hearing.

Generally, it is within the trial judge's discretion to hold a competency hearing for a proposed witness.[6] See *People v Patton,* 66 Mich App 118; 238 NW2d 545 (1975). We find no abuse of discretion in the instant case.

In addition, the trial judge did not err in determining that Garry Lewis was competent to testify. See, generally, McCormick, Evidence (2d ed), § 62, pp 140–141.

## VIII.

Finally, defendants claim that the prosecutor's closing remarks denied them their right to a fair trial.

We find that the trial court's instruction cured any possible prejudice.[7]

---

[6] Apparently, a trial judge is required to hold a competency hearing only if there is a showing that the proposed witness is "insane, an imbecile or an idiot". *People v Tomczak,* 250 Mich 679; 231 NW2d 63 (1930); *People v Lapsley,* 26 Mich App 424; 182 NW2d 601 (1970).

Although the *Tomczak* standard may be hard to apply, its meaning is not before us; there was no showing at all that Garry Lewis was incompetent.

[7] The court instructed the jury as follows:

*"The Court:* Ladies and gentlemen of the jury, you are the sole triers of the facts, and the facts don't come from arguments of counsel or the conduct of counsel.

"The facts come from the witness stand, and you will have to weigh the testimony from the witness stand.

"This has been a highly emotional trial, and I want to point out to you that you don't determine the fate of the defendants by the conduct of the defense counsel or the prosecuting attorney on their arguments.

"They vigorously presented their case, but you must determine the fate of the defendants on the testimony you heard from the witness stand."

Other issues are raised by defendants. However, an examination of the briefs and records discloses no reversible error.

Affirmed.