PEOPLE v. GOLDMAN.

1. CRIMINAL LAW—BURGLARY—EVIDENCE—RECALCITRANT WITNESS.

A sworn statement to officers, made by participant in crime of
breaking and entering in the nighttime with intent to steal with
which defendant was charged, which admitted such participant's
guilt and definitely implicated defendant, a statement that was
referred to in such participant's testimony at preliminary exami-
nation and constituted testimony necessary to convict defend-
ant *held,* properly received at trial, where the attorney for
defendant was also attorney for the participant witness and
the latter was recalcitrant at the preliminary examination
and at the trial refused to admit having given the statement
or the testimony on preliminary examination and his attorney
declined to cross-examine him at either the preliminary exami-
nation or the trial when opportunity therefor was afforded.

2. SAME—BURGLARY—INSTRUCTIONS—INTENT.

Instructions given in prosecution for breaking and entering in
the nighttime with intent to steal *held,* to have fairly apprised
the jury of the elements of the crime, including the necessary
criminal intent and knowledge on defendant's part.

Appeal from the Superior Court of Grand Rapids;
Taylor (Thaddeus B.), J. Submitted April 11, 1957.
(Docket No. 44; Calendar No. 46,780.) Decided July
31, 1957. Rehearing denied October 7, 1957.

Ben Goldman was convicted of breaking and enter-
ing in the nighttime with intent to steal. Affirmed.

*Thomas M. Kavanagh,* Attorney General, *Edmund
E. Shepherd,* Solicitor General, *Stuart Hoffius,* Pros-
ecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur, Evidence § 544.
[2] 9 Am Jur, Burglary § 82.

*Frederick W. Poel* and *Fred R. Walker* (*William Henry Gallagher,* of counsel; *Louis M. Hopping,* of counsel on application for rehearing), for defendant.

DETHMERS, C. J. Defendant appeals from a conviction of breaking and entering in the nighttime with intent to steal.

It is the claim of the people that one Andrew Johnson, Jr., and 2 other unidentified persons perpetrated the actual breaking, entering and stealing, but that defendant planned the crime and furnished a truck for transporting the goods to be stolen.

After his arrest, Johnson made a statement to officers which was taken and transcribed by a stenographer and thereafter read, corrected and signed by Johnson. The statement admitted his guilt and definitely named defendant as the person who had planned the crime and furnished the truck to be used in its commission and who was to have received the stolen property, disposed of it and paid Johnson for his part in the offense.

At the preliminary examination in this case, held after Johnson had been convicted and was awaiting sentence, he refused to give any direct testimony about the commission of the crime or implicating defendant therewith. The prosecuting attorney then questioned him about the written statement he had given the officers. After considerable evasion and being instructed by the court to answer, he testified that he had given, read, corrected and signed the statement and that its contents were true to the best of his knowledge. Counsel for defendant, who stated that he was also Johnson's attorney, then obtained a recess during the examination for the purpose of advising him of his legal rights, after which John-

son continued to refuse to testify about the facts relating to the crime, saying that he was afraid to do so. Counsel for defendant declined to cross-examine him.

At trial Johnson refused to give answer to any question concerning the crime. He also refused to admit having given the written statement or the testimony at the preliminary examination above recited. He claimed no constitutional privilege as a basis for his refusal, but stated that he had a reason which he said he did not care to discuss. Defendant was represented at trial by counsel who declined the opportunity to cross-examine Johnson. The transcript of Johnson's testimony, taken at the preliminary examination, was then identified by the court reporter who had taken and transcribed it, it was received in evidence, and the prosecuting attorney, sworn as a witness, identified a people's exhibit as the written statement given by Johnson to which he, as a witness at the preliminary examination, had referred and which he then had testified was true, whereupon it was received into evidence at the trial. Both were read to the jury.

While there were other proofs tying defendant in with the crime, particularly with planning and preparations for it, without Johnson's written statement and testimony at the examination there was not sufficient evidence at trial to establish defendant's guilt beyond a reasonable doubt. Were the statement and transcript properly received in evidence and permitted to be considered by the jury as substantive proof of defendant's guilt? We think *People* v. *Pickett*, 339 Mich 294 (45 ALR2d 1341), controlling of an answer in the affirmative. There, as here, one of the participants in the crime, called as a people's witness, refused to testify at trial concerning the crime. We upheld the trial court's reception into evidence, as substantive proof of defendant's guilt, of the

transcript of the recalcitrant witness's testimony given at the preliminary examination. See reasoning and discussion of pertinent authorities therein.

Defendant seeks to distinguish the instant case from *Pickett* on the score that there the witness gave direct testimony concerning defendant's commission of the crime at the preliminary examination and his refusal to so testify occurred only at trial, while here the witness refused to do so both at the examination and at trial and his only testimony imputing guilt to defendant consisted of that given by him at the examination that the contents of his statement previously given to the officers were true. We think the distinction is one without a difference insofar as legal significance is concerned. The defense was accorded the opportunity to cross-examine Johnson both at the examination and at trial. There was no denial to defendant of the right of confrontation of witnesses. Whether, as in *Pickett,* the transcript taken at the examination contained direct testimony of defendant's guilt, or, as here, only contained testimony labeling as true statements of the defendant's guilt contained in the witness's previously signed written statement is of little moment in appraising its worth as substantive proof of the ultimate question of defendant's guilt. In either circumstance, the essence of the testimony of the witness at the preliminary examination is a swearing to the truth of statements which prove defendant guilty. It is that testimony which is permitted to serve at trial as substantive proof of defendant's guilt, under authority of *Pickett,* when, as a practical matter, the witness who gave it, by his refusal to answer at trial, has rendered himself unavailable as a witness.

Defendant complains of error in the instructions of the court, contending that the jury was charged, in effect, that it might return a verdict of guilty if it found as a fact that defendant had furnished the

truck used in connection with the commission of the crime, without finding that he had had criminal intent and knowledge of the use to which the truck was to be put. The instructions, read in their entirety, refute the contention. They fairly apprised the jury of the elements of the crime, including the necessary criminal intent and knowledge on defendant's part.

Affirmed.

SHARPE, SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.