## PEOPLE *v.* SZELES

1. TRIAL—EVIDENCE—WITNESSES—EXCLUSION.

   Trial court did not abuse its discretion when it refused to permit a defense witness to testify at a criminal trial where a mutual request of the prosecution and the defense to exclude all witnesses before the taking of any testimony had been granted and the witness in question was an unindorsed witness, had heard the command of the court excluding witnesses, and had stayed in the courtroom and had heard much of the testimony before defendant attempted to have the witness testify.

2. EVIDENCE—WEAPONS—CONSPIRACY.

   Admission in evidence of guns at defendant's criminal trial for conspiracy to commit murder following testimony by defendant's landlady that there were no guns in her house until defendant became a roomer was not error where the guns were introduced to show that they were, or could be inferred to be, in the possession of the defendant and were not essential to the establishment of a conspiracy.

3. TRIAL — EVIDENCE — PRELIMINARY EXAMINATION — TESTIMONY — WITNESSES.

   Reading of preliminary examination testimony of a witness to a jury was proper where that witness refused to testify at the criminal trial, and the defendant was represented at the preliminary examination by counsel who extensively cross-examined the witness at that time (CL 1948, § 768.26).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trials §§ 31–33.
Effect of witness' violation of order of exclusion. 14 ALR3d 16.
[2] 29 Am Jur 2d, Evidence § 288.
[3] 29 Am Jur 2d, Evidence § 739.
Use in criminal case of testimony given on former trial, or preliminary examination, by witness not available at present trial. 15 ALR 495, 79 ALR 1392, 122 ALR 425, and 159 ALR 1240.

Appeal from Recorder's Court of Detroit, Vincent J. Brennan, J. Submitted Division 1 November 14, 1968, at Detroit. (Docket No. 1,916.) Decided August 25, 1969.

Edward Szeles, Jr., was convicted of conspiracy to commit murder and extortion. Defendant appeals. Affirmed.

Frank J. Kelley, Attorney General, Robert A. Derengoski, Solicitor General, William L. Cahalan, Prosecuting Attorney, Samuel J. Torina, Chief Appellate Lawyer, and Thomas P. Smith, Assistant Prosecuting Attorney, for the people.

Seymour Posner (Ruth Ritter, of counsel), for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and BEER,* JJ.

PER CURIAM. Defendant asserts he was deprived of a fair trial because the trial judge refused to permit a certain witness to be called in his behalf. Both prosecution and defense asked the trial court to exclude all witnesses before the taking of any testimony. The judge granted their mutual request. The witness in question was an unindorsed witness who admitted hearing the command of the court excluding witnesses. It appears that she stayed in the courtroom and heard much of the testimony before defendant attempted to have her called in defense. We find no abuse of discretion on the part of the trial judge in refusing to permit the witness to take the stand.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant also contends that certain guns were improperly admitted as evidence. A landlady testified there were no guns on her premises before defendant became a roomer. However, after his arrival she found the guns and informed the police. The guns were admitted as evidence by the court. We find no error here since the guns were introduced to show that they were, or could be inferred to be, in the possession of the defendant and were not essential to the establishment of a conspiracy.

Deprivation of a constitutional right is asserted by defendant because a witness, who had testified at the preliminary examination, refused to testify at the trial. The testimony of that witness at the preliminary examination was then read to the jury. The record discloses that defendant was represented by counsel at the preliminary examination and entered into extensive cross-examination of the witness at that time. The trial judge properly permitted the reading of the testimony on the preliminary examination given by this recalcitrant witness. CL 1948, § 768.26 (Stat Ann 1954 Rev § 28.1049); *People v. Pickett* (1954), 339 Mich 294.

Conviction affirmed.