PEOPLE v THOMAS

WITNESSES—CRIMINAL LAW—ROBBERY—NEW TRIAL—PREVIOUS TESTI-
MONY—READING OF TRANSCRIPT.

A reading of the transcript of the testimony of a witness given at
a defendant's first trial for armed robbery was properly allowed
in the defendant's second trial for the same offense where the
witness stated that he could not remember the events of the
robbery at the second trial.

Appeal from Muskegon, Charles A. Larnard, J.
Submitted Division 3 May 7, 1975, at Grand Rap-
ids. (Docket No. 19427.) Decided June 10, 1975.

Eugene Thomas was convicted of armed robbery.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Richard J. Pasarela,*
Prosecuting Attorney (Prosecuting Attorneys Ap-
pellate Service, *Edward R. Wilson,* Director, and
*Howard C. Marderosian,* Special Assistant Attor-
ney General, of counsel), for the people.

*Balgooyen, Daniels & Balgooyen, P. C.,* for de-
fendant.

Before: R. B. BURNS, P. J., and BASHARA and
M. J. KELLY, JJ.

R. B. BURNS, P. J. Defendant was convicted by a
jury of armed robbery. MCLA 750.529; MSA
28.797.

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur 2d, New Trial § 228.

This is the second time we have reviewed defendant's case. His previous conviction for the same crime was reversed by this Court in *People v Thomas,* 46 Mich App 312; 208 NW2d 51 (1973). His second trial resulted in his second conviction and is the subject of this appeal.

Defendant has raised three issues on this appeal but only one merits discussion and we affirm his conviction.

Did the trial judge commit reversible error when he allowed the prosecutor to submit testimony of a witness, given at the first trial, in evidence at the second trial when the witness stated that he couldn't remember the events of the robbery at the second trial?

At defendant's first trial, Dwayne Young testified for the prosecution and stated that he and defendant had staged the holdup of Gov's Market. At the second trial, Young stated that he did not remember being at Gov's Market on the day of the robbery and could not remember the details of the holdup. The prosecutor then read from the transcript of the first trial. Defendant objected and the trial judge overruled his objections.

Plaintiff relies on MCLA 768.26; MSA 28.1049, to substantiate his position, which reads:

"Testimony taken at an examination, preliminary hearing, or at a former trial of the case, or taken by deposition at the instance of the defendant, may be used by the prosecution whenever the witness giving such testimony can not, for any reason, be produced at the trial, or whenever the witness has, since giving such testimony become insane or otherwise mentally incapacitated to testify."

This particular statute has not been relied on in

any prior case to admit prior testimony of a forgetful witness.

However, the statute has been relied on to admit prior testimony of a witness who refused to testify. In *People v Pickett,* 339 Mich 294; 63 NW2d 681 (1954), one Arney refused to answer certain questions on the ground that by answering such questions he would tend to incriminate himself, even though he had been granted immunity. The people offered the transcript of the previous examination in evidence and both the direct examination and the cross-examination were read into evidence. The Supreme Court upheld the practice.

In *People v Goldman,* 349 Mich 77; 84 NW2d 241 (1957), one Andrew Johnson, Jr., after he was arrested, gave a statement to the police which was transcribed by a stenographer and signed by Johnson. The statement admitted his guilt and named the defendant as the person who had planned the crime. At both the preliminary examination and trial of Goldman, Johnson refused to testify. The court admitted the statement into evidence.

The Supreme Court on p 79; 84 NW2d 242, stated:

"Were the statement and transcript properly received in evidence and permitted to be considered by the jury as substantive proof of defendant's guilt? We think *People v Pickett,* 339 Mich 294; 45 ALR2d 1341 [1954], controlling of an answer in the affirmative."

In our opinion there is very little distinction between a witness refusing to testify and a witness not remembering certain events of prior dates. This case is controlled by *Pickett* and *Goldman, supra.*

Affirmed.