PEOPLE v WALTER MOORE

1. Witnesses—Criminal Law—Recalcitrant Witness—Unavaila-
ble Witness—Preliminary Examination Testimony—Stat-
utes.

   A witness may be found to be "unavailable" for purposes of a
   statute which allows the introduction of preliminary examina-
   tion testimony of a witness who is unavailable at the time of
   trial, where the witness is physically present but refuses to
   testify, and the unavailability of the witness for purposes of the
   statute is not altered where the witness has a legal reason for
   not testifying, instead of being merely recalcitrant (MCLA
   768.26; MSA 28.1049).

2. Criminal Law—Constitutional Law—Right of Confrontation
—Opportunity to Cross-Examine.

   The test of whether a defendant has been afforded the right of
   confrontation is whether there is an opportunity for full and
   complete cross-examination rather than the use which is made
   of that opportunity.

3. Witnesses—Criminal Law—Evidence—Recalcitrant Witness—
Preliminary Examination Testimony—Opportunity to
Cross-Examine.

   A trial court did not err in admitting into evidence the prelimi-
   nary examination testimony of a witness who refused to testify
   at trial where the defendant extensively cross-examined the

---

References for Points in Headnotes

[1, 3] 21 Am Jur 2d, Criminal Law §§ 343, 344, 367.
Claim of privilege by a witness as justifying use in criminal case of
his testimony given on a former trial or preliminary examination.
45 ALR2d 1354.

[2, 3] 21 Am Jur 2d, Criminal Law §§ 333, 334.
29 Am Jur 2d, Evidence § 749.
Federal constitutional right to confront witnesses—Supreme Court
cases. 23 L Ed 2d 853.

[4, 5] 75 Am Jur 2d, Trial § 17 et seq.
Right to severance where codefendant has incriminated himself. 54
ALR2d 830.

witness at the preliminary examination and where it does not appear that the examining magistrate attempted to hurry or cut short the questioning of the witness.

4. CRIMINAL LAW—INDICTMENT AND INFORMATION—TRIAL—JOINT TRIAL—PREJUDICE—SUBSTANTIAL RIGHTS OF ACCUSED.

Defendants who are separately indicted for the same offense may be tried jointly or separately, in the discretion of the court, and a reversal based upon the court's decision to jointly try is not indicated in the absence of a showing of prejudice to substantial rights of an accused.

5. CRIMINAL LAW—TRIAL—JOINT TRIAL—SEVERANCES.

There is a strong policy in favor of joint trials, and a trial court did not err in refusing to sever a trial of two codefendants where the defenses were not inconsistent, although they differed in emphasis of different testimony, the testimony of one of the defendants in no way implicated the other, testimony of the witnesses would have been admissible in a separate trial as well as in the joint trial, and the court instructed the jury that the defendants did not have to prove their innocence, that they should not be influenced by the fact that one defendant testified and the other did not, and that each defendant was entitled to a separate determination of his guilt or innocence.

Appeal from Recorder's Court of Detroit, Michael J. Connor, J. Submitted April 21, 1977, at Detroit. (Docket No. 27272.) Decided August 11, 1977.

Walter L. Moore was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training and Appeals, and *Charles P. Kellett,* Assistant Prosecuting Attorney, for the people.

*William A. Haley, Jr.,* for defendant on appeal.

Before: V. J. Brennan, P. J., and D. F. Walsh and J. N. O'Brien,* JJ.

Per Curiam. This case arose out of an armed robbery, and a murder incident thereto, which resulted in five men being charged with felony murder and robbery armed. Three of these five entered pleas to lesser offenses, while the cases of defendant and one Gregory Houston were consolidated and tried together. Houston was acquitted on both counts, but the defendant was convicted by a jury on November 10, 1975, of robbery armed, contrary to MCLA 750.529; MSA 28.797. On December 5, 1975, defendant was sentenced to 17 to 40 years in prison. He appeals as of right.

The defendant and codefendant Houston were charged under separate warrants and informations and were bound over in separate preliminary examinations. At the defendant's preliminary examination, accomplice Rakestraw testified, but at trial he refused to testify despite having already pled guilty and having been sentenced for his role in this crime. Over defendant's objection, the trial court then admitted Rakestraw's preliminary examination testimony as substantive evidence under MCLA 768.26; MSA 28.1049. However, since codefendant Houston and his attorney had not been present at that examination and had never had the opportunity to cross-examine Rakestraw, the jury was instructed to consider that testimony only in determining the defendant's guilt or innocence. Defendant contends on appeal that the admission of this testimony was error, in that the witness was not "unavailable" as required by the statute, and that the witness Rakestraw was not subjected to "extensive" cross-examination at the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

preliminary examination, and thus that such use violated the defendant's constitutional rights of confrontation and cross-examination.

Michigan courts have in several cases held that a witness is "unavailable" for purposes of MCLA 768.26; MSA 28.1049, when he refuses to testify. *People v Pickett,* 339 Mich 294; 63 NW2d 681 (1954), *cert den,* 349 US 937; 75 S Ct 781; 99 L Ed 1266 (1955), *People v Szeles,* 18 Mich App 575; 171 NW2d 550 (1969), *People v Goldman,* 349 Mich 77; 84 NW2d 241 (1957). Defendant's attempt to distinguish the above cases by saying that in the present instance the witness may have had legitimate Fifth Amendment rights to protect since he was appealing, is not persuasive. If the witness had a legal reason not to testify, instead of merely being recalcitrant, his "unavailability" for purposes of the statute would be unaltered. Defendant cites *Bruton v United States,* 391 US 123; 88 S Ct 1620; 20 L Ed 2d 476 (1968), and *Douglas v Alabama,* 380 US 415; 85 S Ct 1074; 13 L Ed 2d 934 (1965), as authority for his position that without "extensive" cross-examination at the preliminary examination, use of that testimony violated his constitutional rights of confrontation and cross-examination. Those cases, however, involved use of confessions by accomplices or codefendants who did not testify, thus denying the defendants *any* opportunity for cross-examination. While recognizing that those rights had been violated there, the Court in *Douglas* stated, "an adequate opportunity for cross-examination may satisfy the [Sixth Amendment confrontation] clause even in the absence of physical confrontation". 380 US at 418. Worthy of note is the case of *United States v Allen,* 409 F2d 611 (CA 10, 1969), where the Court considered and rejected an argument similar to defendant's here.

Having discussed *Douglas v Alabama, supra,* the Court first found that the witness was "unavailable" because of the invocation of the Fifth Amendment at trial, and then addressed the question of extent of cross-examination, saying (at 613):

"The argument is that because of this fundamental difference the cross-examination of a prosecution witness at a preliminary hearing is less searching into the merits and hence does not satisfy the demands of the confrontation clause. We believe that the test is the opportunity for full and complete cross-examination rather than the use which is made of that opportunity. * * * The extent of cross-examination, whether at a preliminary hearing or at a trial, is a trial tactic. The manner of use of that trial tactic does not create a constitutional right. To paraphrase Pointer[1] the statements of the witnesses were made 'at a full-fledged hearing' with accused present and represented by counsel who was given 'a complete and adequate opportunity to cross-examine.' " (Emphasis added.)

In the present case, defendant's cross-examination of Rakestraw at the preliminary examination takes up 12 pages of trial transcript; further, it does not appear that the examining magistrate attempted to hurry or cut short the questioning. We thus hold that there was adequate opportunity for cross-examination, and therefore there was no error in admitting the preliminary examination testimony in the present case.

Defendant also contends that the trial court erred in denying the defendant a separate trial. We note that codefendant Houston's attorney moved for a severance just prior to trial and just after Rakestraw refused to testify, the motions being on the basis that there was some adverse

---

[1] *Pointer v Texas,* 380 US 400, 407; 85 S Ct 1065; 13 L Ed 2d 923 (1965).

evidence relating to the defendant only, that might by association prejudice his client. It was not until after the people rested that defendant's counsel for the first time joined in a renewed motion for severance, this time on the basis of conflicting defenses. Defendant also contends on appeal that the severance was necessary because of the fact that his codefendant testified and he did not, putting him in a bad light before the jury, and because he was prejudiced by the instruction that Rakestraw's testimony was to be considered in determining the defendant's guilt only.

In *People v Schram,* 378 Mich 145; 142 NW2d 662 (1966), the Court held that defendants who are separately indicted for the same offense may be tried jointly or separately, in the discretion of the court. In the absence of a showing of prejudice to substantial rights of the accused, reversal is not indicated. *People v Schram, supra, People v Scott,* 61 Mich App 91; 232 NW2d 315 (1975), *People v Waldron,* 64 Mich App 648; 236 NW2d 732 (1975), *lv den,* 396 Mich 824 (1976). The instant case does not present the situation found in *People v Hurst,* 396 Mich 1; 238 NW2d 6 (1976), where each defendant, in attempting to exculpate himself, implicated his codefendant. The situation here is instead very much like that in *People v Carroll,* 49 Mich App 44; 211 NW2d 233 (1973), *aff'd,* 396 Mich 408; 240 NW2d 722 (1976). In *Carroll* this Court found that there was no error in admitting evidence which related to one defendant only. (Also see *People v Patton,* 15 Mich App 198; 166 NW2d 284 [1968] to this effect.) The Court in *Carroll* also found no error in denying a severance because a codefendant testified and the appellants did not, where the codefendant's testimony did not implicate the appellants. As in *Carroll,* we find that

here the defenses of the codefendants "differed but were not inconsistent". 396 Mich at 414. Codefendant Houston in no way implicated defendant in his testimony. The conflicts alleged in their defenses consisted only of the fact that each defendant, in argument, stressed or underplayed the testimony of different witnesses, depending on the degree to which each witness did or did not implicate that defendant. As to Rakestraw's testimony, it would have been admissible in a separate trial also, and the limiting instruction was necessary and proper under the circumstances. Further the trial court aptly instructed the jury that the defendants did not have to prove their innocence, that the fact that codefendant Houston had testified and defendant did not, should in no way influence their decision as to the defendant, and that each defendant was entitled to a separate consideration of his guilt or innocence.

There is a strong policy in favor of joint trials. *People v Carroll, supra,* 396 Mich at 414. The charges against defendant and codefendant arose out of the same incident, and all the witnesses called in this trial could have been called against the defendant in a separate trial. No prejudice to substantial rights of the defendant having been shown, the competing interests of benefit to the courts, the public and to the administration of justice from such joinder, come into play. *People v Slate,* 73 Mich App 126; 250 NW2d 572 (1977). We find no error in the trial court's denial of a severance.

Affirmed.