PEOPLE v CLARK

PEOPLE v MARTIN

PEOPLE v YOUNG

Docket Nos. 77-2311, 77-2187, 77-2399. Submitted May 2, 1978, at Lansing.—Decided August 7, 1978.

Willie B. Clark, Herlin Martin, and John H. Young were convicted of second-degree criminal sexual conduct and larceny from the person in Genesee Circuit Court, Philip C. Elliott, J. Defendants appeal raising numerous issues. *Held:*

1. It was not error for a court to deny a motion to quash an information charging second-degree criminal sexual conduct for lack of evidence that force had been used where the testimony at the preliminary examination indicated that the defendant and two others were together, that one had a gun, and that the defendant unzipped the complainant's pants and touched her pubic hair and where there is no dispute concerning the woman's nonconsent.

2. The denial of a bill of particulars in cases where the long form of information is employed is reviewable only for abuse of discretion.

3. Defendants, generally, do not have a right to separate trials and joinder of defendants for trial rests in the sound discretion of the trial court; in moving for a separate trial, a defendant must clearly, affirmatively and fully show that substantial rights will be prejudiced by a joint trial.

4. The decision regarding substitution of appointed counsel is

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 449.

[2] 41 Am Jur 2d, Indictments and Informations §§ 159–161.
   Right of accused to bill of particulars. 5 ALR2d 444.

[3] 75 Am Jur 2d, Trial §§ 17, 18, 20, 22.
   Right to severance where codefendant has incriminated himself. 54 ALR2d 830.

[4] 21 Am Jur 2d, Criminal Law § 321.

[5] 76 Am Jur 2d, Trial §§ 1072, 1073.

[6] 16 Am Jur 2d, Constitutional Law § 552.

[7] 17 Am Jur 2d, Continuance §§ 3, 4.

entrusted to the trial court's discretion; the substitution should be granted upon a showing of good cause if it would not unreasonably disrupt the judicial process.

5. The trial court did not err in denying a motion for mistrial where the prosecutor asked a police officer whether he had an opportunity to talk with the defendant, defense counsel objected, and the court did not allow the witness to answer or allow the prosecutor to ask any more questions; such a question is not a comment on the defendant's right to remain silent.

6. The second-degree criminal sexual conduct statute meets the requirements of the due process clause.

7. A denial of a motion for a continuance is reversible error only if it constitutes an abuse of discretion.

Affirmed.

1. CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT—SECOND-DEGREE CRIMINAL SEXUAL CONDUCT—PRELIMINARY EXAMINATION—EVIDENCE—SUFFICIENCY OF EVIDENCE.

It was not error for a court to deny a motion to quash an information charging second-degree criminal sexual conduct for lack of evidence that force had been used where the testimony at the preliminary examination indicated that the defendant and two others were together, that one had a gun, and that the defendant unzipped the complainant's pants and touched her pubic hair and where there is no dispute concerning the woman's nonconsent.

2. CRIMINAL LAW—BILL OF PARTICULARS—APPEAL AND ERROR—DISCRETION OF COURT.

The denial of a bill of particulars in cases where the long form of information is employed is reviewable only for abuse of discretion.

3. CRIMINAL LAW—SEPARATE TRIALS—DISCRETION OF COURT—BURDEN OF PROOF.

Defendants, generally, do not have a right to separate trials and joinder of defendants for trial rests in the sound discretion of the trial court; in moving for a separate trial, a defendant must clearly, affirmatively and fully show that substantial rights will be prejudiced by a joint trial.

4. CRIMINAL LAW—RIGHT TO COUNSEL—APPOINTMENT OF COUNSEL—SUBSTITUTION OF APPOINTED COUNSEL.

The decision regarding substitution of appointed counsel is entrusted to the trial court's discretion; the substitution should be

granted upon a showing of good cause if it would not unreasonably disrupt the judicial process.

5. CRIMINAL LAW—RIGHT TO REMAIN SILENT—PROSECUTORIAL COMMENT—MOTION FOR MISTRIAL.

A trial court did not err in denying a motion for mistrial where the prosecutor asked a police officer whether he had an opportunity to talk with the defendant, defense counsel objected, and the court did not allow the witness to answer or allow the prosecutor to ask any more questions; such a question is not a comment on the defendant's right to remain silent.

6. CONSTITUTIONAL LAW—STATUTES—DUE PROCESS—VAGUENESS—CRIMINAL SEXUAL CONDUCT.

A law fails to meet the requirements of the due process clause if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case; the second-degree criminal sexual conduct statute meets the requirements of the due process clause (MCL 750.520c; MSA 28.788[3]).

7. CRIMINAL LAW—MOTION FOR CONTINUANCE—DISCRETION OF COURT—APPEAL AND ERROR.

A denial of a motion for a continuance is reversible error only if it constitutes an abuse of discretion.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Green & Moon,* for defendants Clark and Young on appeal.

*Frank L. Talkow,* for defendant Martin on appeal.

Before: J. H. GILLIS, P. J., and D. E. HOLBROOK and N. J. KAUFMAN, JJ.

D. E. HOLBROOK, J. On March 7, 1977, Willie

Clark, Herlin Martin and John Young were found guilty by a jury of criminal sexual conduct in the second degree, contrary to MCL 750.520c; MSA 28.788(3). They were also found guilty of larceny from the person, contrary to MCL 750.357; MSA 28.589. On May 3, 1977, each defendant was sentenced from 7-1/2 to 15 years in prison on the criminal sexual conduct conviction and from 6 to 10 years in prison on the larceny from the person conviction. Defendants appeal as of right.

The testimony at trial disclosed the following facts: At approximately 2:30 a.m. on October 13, 1976, three women were sitting in a car outside a lounge in Flint. A blue car containing three black males drove up to the women's car and stopped. The men got out of their automobile and approached the car in which the women were sitting. One of the men was carrying a gun.

One of the women was pulled from the car and her breasts and genital areas were fondled. At approximately the same time, the other two men molested the two women in the car. One of the women testified that Willie Clark put his hands on her breasts and the other woman stated that Herlin Martin sat down in front of her, unzipped her pants and touched her pubic hair. The woman dragged from the car was able to escape and the three men fled in a blue car taking two of the women's purses. The police were notified and shortly thereafter a blue car was stopped and the three defendants were arrested. The woman that had been dragged from the car subsequently identified John Young as her assailant and Willie Clark as one of the men.

Clark and Martin testified in their own behalf. They stated that they had driven a friend from Indiana to Flint and were on their way home when the police arrested them.

The defendants raised many issues on appeal. The first five issues were raised only by Herlin Martin and we will deal with them first.

*I.* Did the circuit court err in denying the motion to quash the information, which charged criminal sexual conduct, second degree, due to the alleged failure of the prosecutor to present evidence that force had been used?

This issue is without merit. The testimony at the preliminary examination was sufficient to bind Martin over to circuit court as both a principal and an aider and abettor under the criminal sexual conduct, second degree, statute. The testimony of the three complaining witnesses indicates that the three men were together and each chose one of the women. One of the men brandished a gun and there is no dispute of the women's nonconsent. One of the women identified Martin as the person who unzipped her pants and touched her pubic hair. Thus, we find no error.

*II.* Did the circuit court err in denying defendant's motion for a bill of particulars?

The mandatory bill of particulars does not apply in the instant case because the defendants were not charged using the short form informations. *People v Jones,* 75 Mich App 261, 268–269; 254 NW2d 863 (1977), *lv den,* 402 Mich 822 (1977). The denial of a bill of particulars in cases where the long form of information is employed is reviewable only for abuse of discretion. *Jones, supra,* p 269. We find no abuse of discretion.

*III.* Did the trial court err in denying defendant's motion to sever his trial from his two co-defendants?

Generally, defendants do not have a right to separate trials in this state and joinder of defend-

ants for trial normally rests within the sound discretion of the trial court. In moving for separate trials, defendants must clearly, affirmatively and fully show that substantial rights will be prejudiced by joint trials. *People v Gunter*, 76 Mich App 483, 488–489; 257 NW2d 133 (1977). Martin made no such showing. Since no prejudice to Martin's substantial rights was shown, the competing interests of the benefit to the courts, public and administration of justice come into play and severance was properly denied. *People v Walter Moore*, 78 Mich App 294, 300; 259 NW2d 351 (1977).

*IV.* Did the trial court err in denying defendant's motion to suppress the gun taken from the car at the time of his arrest?

The police had received word that an armed robbery had taken place and to be on the lookout for a small blue car containing three black males. The facts indicate that the police had probable cause to search the vehicle in which Martin was riding and that the search without a warrant was reasonable and justified. *People v Tillman*, 59 Mich App 768, 772; 229 NW2d 922 (1975), *Chambers v Maroney*, 399 US 42; 90 S Ct 1975; 26 L Ed 2d 419 (1970), *reh den*, 400 US 856; 91 S Ct 23; 27 L Ed 2d 94 (1970).

*V.* Did the trial court err in denying defendant's motion for substitution of attorneys?

On the first day of trial, the court refused defendant's request that he be allowed to substitute counsel. The decision regarding substitution of appointed counsel is entrusted to the trial court's discretion; the substitution should be granted upon a showing of good cause if it would not unreasonably disrupt the judicial process. *People v Eddington*, 77 Mich App 177, 185–186; 258 NW2d 183

(1977). We hold that the trial judge did not abuse his discretion.

Martin also raised two issues in a supplemental brief. Both issues do not require discussion.

The following issue was only raised by Willie Clark:

*VI.* Did the trial court err in requiring defense counsel to show photographs of both lineups to the complaining witness instead of photographs of only one of the lineups?

The defense counsel failed to object when the court told him to show the witness photographs of both lineups, therefore, he has failed to preserve this issue for appellate review.

The next issue was raised only by Willie Clark and John Young:

*VII.* Did the trial court err by failing to declare a mistrial in regards to a question asked of a witness by the prosecutor?

The sole question asked by the prosecutor was whether the police officer had an opportunity to talk with John Young. The defense attorney objected and the court did not allow the witness to answer or the prosecutor to ask any more questions. We do not consider the challenged question to be a comment on Young's exercise of his right to remain silent and do not find any error.

The following issues were raised by all three defendants:

*VIII.* Is the second-degree criminal sexual conduct statute unconstitutionally vague and overbroad?

A law fails to meet the requirements of the Due Process Clause if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed standards, what is

prohibited and what is not in each particular case. *People v Posner,* 79 Mich App 63, 71; 261 NW2d 209 (1977). We find that the second-degree criminal sexual conduct statute meets the requirements of the Due Process Clause and defendants' issue is without merit.

IX. Did the trial court err in holding that there was an independent basis for the in-court identifications of the defendants by the complaining witnesses?

The defendants' attorneys moved to suppress the identification testimony of the three complaining witnesses. The trial judge ruled as follows:

"My ruling is going to be that *I am going to permit each victim to identify in court the assailant that put his hands upon her.*

"And, in addition, Mrs. Boggs can identify Mr. Clark. But, Miss Bancroft can identify Mr. Clark. Miss Schwartz can identify Mr. Martin, and Mrs. Boggs can identify both Mr. Young and Mr. Clark.

"As to those identifications, *I find that there is clear and convincing evidence articulated by them at the preliminary examination, or at the suppression hearing, and that the in-court identification at trial and at the preliminary examination by those witnesses of those defendants had a basis independent of the photographic line-up.*

"Mrs. Boggs picked Mr. Young out at the physical line-up, although the hair of all the persons in the line-up was covered by wool hats. She also said that Mr. Clark looked like the one on the passenger side. The hats probably explain why the other women did not pick out their assailant in the physical line-up.

"Mrs. Schwartz referred to the distinctive hair style of Mr. Martin as the reason why she identified him in court. And, Miss Bancroft said at the suppression hearing that she thought the hat at the line-up was the reason she did not identify Mr. Clark at the line-up.

"Neither photographic line-up was suggestive or con-

ducive to misidentification. The numbers and dates
played no part in the selection of any defendant by any
witness. The large number of mug shots used and the
characteristics of the other persons in the other photos
made the photographic line-ups very fair. Nothing was
done or said by anyone to prompt or influence the
identifications in any way.

"The fact that each victim was able to pick out her
assailant from more than thirty-five different mug shots
strengthens the reliability of the in-court identification.

"Mrs. Boggs' identification of Mr. Clark is similarly
strengthened. But, because there was no counsel at the
first photographic line-up, the Prosecutor must be bar-
red from direct testimonial evidence relating to the
photographic line-up. The photographic line-ups are not
to be mentioned by the witnesses except, of course, in
answer to a question by defense counsel that would call
for such a response.

"Although there is evidence that these victims are
also able to identify one or both of the other men in
court, and that such identification would also have an
independent basis of the—or basis independent of the
photographic line-ups, that evidence is not as convinc-
ing as is the evidence that each victim is clearly able to
independently identify the man who handled her and
who she had the best look at, and the evidence concern-
ing Mr. Clark's in-court identification by Mrs. Boggs.

"And, besides, the limited suppression ordered here
may have a deterrent effect on the police and prosecu-
tion desired by the Supreme Court, because the photo-
graphic line-up was improper, although I don't think it
was a deliberate violation of their rights to counsel
*[sic]."* (Emphasis supplied.)


In *People v Kachar,* 400 Mich 78, 95–97; 252
NW2d 807 (1977), the Michigan Supreme Court
identified factors to be used in determining
whether a witness's in-court identification is fruit
of an improper pretrial identification. A review of
the factors in *Kachar* reveals the absence of error
in the instant case.

*X.* Did the trial court err when it refused to grant the pretrial motion to adjourn the proceedings until a transcript of the hearing on the pretrial motions had been transcribed?

A denial of a motion for a continuance is reversible error only if it constitutes an abuse of discretion. *People v Riley,* 33 Mich App 721, 728; 190 NW2d 569 (1971), *lv den,* 386 Mich 753 (1977). In the instant case, we find no abuse of discretion.

*XI.* Did the trial court commit reversible error by allowing the testimony of a witness concerning other criminal conduct allegedly involving the defendants?

The prior offense was a purse snatching which took place about five hours prior to the charged offense and had little similarity to the offense of criminal sexual conduct, second degree. We hold that the admission of evidence about the earlier purse snatching was error. However, the error was harmless. *People v Swan,* 56 Mich App 22, 31; 223 NW2d 346 (1974). The proof was so overwhelming, aside from the taint of the error, that all reasonable jurors would find guilt beyond a reasonable doubt. *Swan, supra,* p 33.

Affirmed.